JAMES LLOYD et al., appellants,

*v.*

PETER HULICK et al., respondents.

[Argued June 23d, 1905.   Decided March 5th, 1906.]

The defendant agreed, in writing, to convey certain lands to the complainants for a consideration, which was paid.  After accepting the deed, under the supposition that it conformed to the written agreement, the complainants discovered that there had been fraudulently inserted in the conveyance certain restricting covenants in violation of the terms of the agreement, and a provision that such covenants should be construed as running with the land and that a breach of either of them should cause the lands to revert to the defendant.—*Held*, that the complainants are entitled to have the deed reformed by expunging the covenants from it, notwithstanding that they might have discovered, by an examination of the deed before acceptance, that the conveyance was not such a one as they had bargained for.

---

On appeal from an order of the court of chancery overruling demurrer to bill.

*Mr. Thomas P. Fay,* for the appellants.

*Messrs. Parker & Van Gelder,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainants by their bill seek the reformation of a conveyance of lands made to them by the defendants Peter Hulick,

Carrie M..Flock and J. W. Flock, her husband. The allega-
tions of the bill are that the defendant Hulick entered into a
contract in writing with the complainants, by the terms of
which he agreed to convey to them, for a consideration of
$4,000, certain lands and premises, which he then owned, in
the city of Long Branch, by a deed warranting the lands to be
free and clear of all encumbrances; that after making this
agreement, Hulick conveyed the lands and premises to his
daughter, the defendant Carrie M. Flock, who accepted the con-
veyance with full knowledge of the existence of the agreement
between her father and the complainants and of its provisions;
that at the time of making the agreement, and in compliance
with one of its terms, the complainants paid to Hulick the sum
of $200 in cash on account of the purchase-money; that upon
the day fixed for the delivery of the deed they paid to Hulick
the further sum of $800 in cash, and executed and delivered to
him a purchase-money mortgage upon the premises for $3,000;
that those payments were made in strict conformity to the pro-
visions for the payment of the consideration-money set forth in
the agreement; that upon receiving the payment of the $800
and the purchase-money mortgage, Hulick, together with his
daughter, Mrs. Flock,. and the latter's husband, executed and
delivered to the complainants a deed of conveyance for the prop-
erty, which they accepted, supposing that it conformed in every
particular to the provisions of the prior written agreement;
that an examination of the deed discloses that there is inserted
in it a covenant restricting the complainants from dividing the
land into lots less in size than one hundred by two hundred feet,
or from erecting a house upon said premises costing less than
$5,000; also a covenant restricting the complainants from sell-
ing any portion of the premises to any person of African de-
scent, and in addition, a provision that each of these covenants
is to be construed as running with the land, and that upon a
violation of either of them by the complainants the premises
shall revert to the grantors or their heirs. The bill then alleges
that these provisions were inserted in the deed by the defend-
ants for the purpose of evading the performance of the agree-

50

ment according to its terms and to prevent the complainants from obtaining the full benefit thereof. The relief sought is the expunging from the deed of all these restrictive covenants. A demurrer was interposed by the defendants upon the ground that the bill did not disclose a case which entitled the complainants to relief. Upon hearing an order was entered overruling the demurrer, and from that order this appeal is taken.

The facts recited in the bill present a case which entitles the complainants to relief. Upon payment of the consideration provided by the agreement they were entitled to have delivered to them by the defendants a conveyance which should conform to the terms of that agreement. The intentional insertion in the deed by the defendants of the restrictive covenants set forth in the bill was in fraud of that right. Its delivery by the defendants to the complainants without a disclosure of the fact that it contained these covenants was equivalent, it seems to me, to a declaration on their part that the deed was drawn in conformity to the provisions of the contract. It is true that the complainants might readily have discovered, by an examination of the deed before accepting it, that it was not what they had bargained for, and it may be conceded that prudence upon their part required a scrutiny of the deed before its acceptance by them. But I am not able to perceive that their failure to discover the fraud disentitles them to relief. In the transaction of business men ordinarily deal with one another in the belief that each is honest. If the opposite belief prevailed in such dealings attempted frauds would rarely be successfully carried into execution and courts would seldom be called upon to grant relief against them. Failure to discover an intended fraud before it has been actually perpetrated must necessarily exist in every case where the courts are appealed to to relieve the wronged party from its effects, and the fact that the exercise of a greater degree of prudence on the part of him who has been defrauded would have prevented the fraud from being successfully carried through affords no ground for refusing relief.

The effect of the restrictive covenants contained in the deed is beyond question to reduce materially the value of the granted

premises in the hands of the complainants, and upon the facts stated in the bill they are entitled to have·the deed reformed by expunging them from it.

The order overruling the demurrer should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, GARRETSON, PITNEY, SWAYZE, REED, BOGERT, VROOM, GREEN, GRAY —10.

*For reversal*—DIXON, VREDENBURGH—2.