[Civ. No. 365.  First Appellate District.—October 19, 1907.]

# DE LAVAL DAIRY SUPPLY CO., Appellant, v. M. B. STEADMAN, Respondent.

ACTION FOR GOODS SOLD AND DELIVERED—VERDICT AGAINST EVIDENCE—DELIVERY UNDER WRITTEN CONTRACT—GROUND FOR REFORMATION NOT PROVED.—In an action for dairy machinery sold and delivered under a written contract which provided that the delivery was to be f. o. b. San Francisco, and that the purchaser was to sustain the full loss in case of injury or destruction of the same, when the machinery was sunk with the steamer on which it was shipped, and defendant denied the contract alleged and pleaded an oral contract differing therefrom, upon which he sought a reformation of the contract, and the plaintiff proved a delivery under the terms of the written contract, but the evidence was insufficient to show ground for reformation of the contract, a verdict for the defendant is against the evidence.

ID.—PAROL EVIDENCE OF DEFENSE—CONVINCING PROOF REQUIRED.—Parol evidence of a doubtful character cannot sustain the special defense pleaded by the defendant, but it must be clear and convincing.

ID.—MEANS OF KNOWLEDGE—VOLUNTARY BLINDNESS—ESTOPPEL.—Where the parties to the contract stood in no fiduciary relation, and it appears that the written contract was signed by both parties, that defendant took and retained a duplicate copy thereof, and that he did not object thereto until he desired to escape liability thereunder, that the means of knowledge were equally available to both parties, and that defendant suffered from his own voluntary blindness, he will not be heard to say that he was deceived by the vendor's misrepresentations as to the contents of the contract.

ID.—BURDEN OF PROOF—ERRONEOUS INSTRUCTION.—The burden of proof was upon the defendant to establish the special defense pleaded by him by a preponderance of the evidence; and it was error for the court to instruct the jury that the burden of proof in the case was upon the plaintiff.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a motion for a new trial.  B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

C. M. Fickert, and W. W. Burnett, for Appellant.

The defendant was bound by the terms of the contract, and under the circumstances appearing in proof, could not claim that he was misled as to its contents. (Civ. Code, sec. 1625; Code Civ. Proc., sec. 1856; *Chicago etc. Ry. Co.* v. *Belliwith,* 83 Fed. 457; 9 Cyc. 390; 20 Cyc. 32; 2 Kent's Commentaries, p. 484; *Board of Commissioners* v. *Young,* 29 Cal. 176; *Hawkins* v. *Hawkins,* 50 Cal. 558, 560; *Metropolitan Loan Assn.* v. *Esche,* 75 Cal. 513, 517, 17 Pac. 675; *Champion* v. *Wood,* 79 Cal. 20, 12 Am. St. Rep. 126, 21 Pac. 535; *Crane* v. *McCormack,* 92 Cal. 181, 28 Pac. 222; *Shain* v. *Sresovich,* 104 Cal. 405, 38 Pac. 51; *Placer County Bank* v. *Freeman,* 126 Cal. 90, 94, 58 Pac. 388; *Slaughter* v. *Gerson,* 80 U. S. 379; *Upton* v. *Tribilcock,* 91 U. S. 45; *Greenfield's Estate,* 14 Pa. St. 496.) The court improperly instructed the jury upon the burden of proof. The defendant had the burden of proof to sustain the defense by a preponderance of evidence, and if equally balanced the defense must fail. (*Kahn* v. *Traders' Ins. Co.,* 4 Wyo. 419, 62 Am. St. Rep. 47, 82, 34 Pac. 1059.)

Zabala & Wyatt, for Respondent.

The plaintiff failed to make out a *prima facie* case of delivery and that will support the verdict for defendant, regardless of errors. (*Hebrard* v. *Jefferson G. & S. M. Co.,* 33 Cal. 290; *Enright* v. *San Francisco etc. R. R. Co.,* 33 Cal. 230; *McPhail* v. *Buell,* 87 Cal. 115, 25 Pac. 266; *McCreery* v. *Wells,* 94 Cal. 485, 29 Pac. 877; *Peiser* v. *Griffin,* 125 Cal. 9, 57 Pac. 690; *Dayton* v. *McAllister,* 129 Cal. 192, 61 Pac. 913; 2 Ency. of Pl. & Pr. 507.) Where the record does not show at whose request instructions were given, the court will not review the same. (*Hughes* v. *Wheeler,* 76 Cal. 234, 18 Pac. 386; *Hagenmeyer* v. *Board of Equalization,* 82 Cal. 214, 23 Pac. 14; *Herriter* v. *Porter,* 23 Cal. 385; *Estate of O'Connor,* 118 Cal. 71, 50 Pac. 4.)

KERRIGAN, J.—Appeal from the judgment and from an order denying plaintiff's motion for a new trial.

This is an action upon contract to recover the purchase price of certain dairy machinery sold by appellant to respondent under a written contract. Appellant claims that the goods described in the contract were shipped from San Fran-

cisco to respondent at Monterey on the steamship "Gypsy," and were lost with that steamer in the bay of Monterey September 28, 1905. The contract provided, among other stipulations, that the sale of the machinery set forth therein was f. o. b. San Francisco; that in case of the injury or destruction by fire or any other agency whatsoever of the property mentioned in the contract, the purchaser would sustain the full loss, and make full payment for the same in the same manner as he would have done if the goods had not been injured or destroyed. Appellant alleged that it delivered the goods to respondent on board boat at San Francisco, and that it had duly performed all the conditions on its part to be done and performed.

The respondent denied that he had ever entered into the contract set out in the complaint; or that the goods mentioned therein were ever delivered to him on board boat in San Francisco or elsewhere; and for a further and separate defense alleged that the agreement which he made with appellant's agent, William Hartford, respecting the machinery was as follows: That the appellant should send said implements and machinery, with a skillful man to set up and operate the same, to respondent's dairy, and allow him to try same for thirty days, and if at the end of that period he was entirely satisfied, he was to purchase said articles at a price specified, otherwise he was to pay the expenses incurred, and appellant would retain and remove the goods. He further alleged that appellant's agent fraudulently inserted other stipulations in the contract not mentioned or agreed upon, and procured him to sign the same by falsely representing that it contained only the matters actually agreed to between them, and asked that said contract be reformed to make it conform to the true agreement between the parties.

Appellant contends that the evidence is insufficient to establish the special defense. The respondent, while not conceding this, asserts that appellant was required to prove the delivery of the machinery described in the contract, and that he did not do so; that not having proved delivery, the respondent was entitled to judgment whether he proved facts sufficient to establish his affirmative defense or not.

In view of this contention we will first discuss the question of whether the record shows a delivery of the machinery described in the contract.

The secretary of the appellant corporation testified: "I had charge of the shipment of the goods mentioned in the contract. They were invoiced and shipped September 25th. . . . I think I saw the goods go out of the house on this instant. . . . I directed the shipping clerk to have them shipped, and they were shipped from the house in some shape to somewhere." The freight clerk of the Pacific Coast Steamship Company, which operated the steamship "Gypsy" between San Francisco and Monterey, testified that on September 25th, the said company, at its wharf in San Francisco, received from appellant, for respondent, the goods set forth in the shipping receipt. Conceding that, by a comparison of the shipping receipt with the contract, it is not clear that the articles described in the one are the same as those called for in the other, yet there is sufficient in the record to justify the conclusion that they were the same. For example, we find in the contract an item "1 300 gal. Curtis Channel bottom vat," and another "1 75 gal. Curtis channel bottom vat." In the shipping receipt we find an item: "2 vats (crated) 75 gal. 300 gal." In the contract we find articles described as: "1 8 H. P. Economist Boiler complete," "1 No. 1—6 to 8 Jewel Automatic Cutoff engine," "2—18/11-16 S. O. adjustable drop hangers," "1-1 11/16 S. O. Adjustable B. & S. post hangers," and "1 Size B. B. Victor combined churn," and in the shipping receipt we find the following items: "1—8 H. P. boiler," "1 Engine," "3 Hangers, wood, checks one door," and "1 B. churn, crated." We think that the testimony of the secretary of the appellant, taken together with the testimony of the freight clerk, made a *prima facie* case of delivery to the common carrier for the respondent of the goods enumerated in the contract.

The next question is, Was the evidence sufficient in support of defendant's affirmative defense to warrant a reformation of the contract?

The respondent testified substantially that he was to try the machinery for thirty days; that if it was satisfactory it would be accepted; if not it was to be returned, respondent to pay the expenses incurred. No such provision is in the written contract. Respondent, in support of his contention that the written contract contains terms that were not discussed, and to which his attention was not called, testified: "He [William Hartford, the agent of appellant] did not say any-

thing to me about having the goods delivered in San Francisco; or in regard to paying for the goods if they were lost in transit. I did not read the printed part of the contract. I thought it was some printed matter extolling the virtues of their machinery. I signed the order without reading it upon his assurance that it was the same as we agreed upon the day before." On cross-examination he said (referring to the contract): "He gave me a duplicate, and I filed it immediately."

The contract having been reduced to writing by the solemn act of the parties cannot now be swept aside by parol evidence of a doubtful character. The general rule is that parol evidence is not admissible to vary its terms. In all cases where such evidence is admissible under the pleadings, it must be clear and convincing. In this case the contract was reduced to writing and signed by the parties. The respondent not only signed it, but took a duplicate, which he retained in his possession. He does not appear to have made any objection to it until he desired to escape from his liability under it.

"It is a general principle that if the means of knowledge be at hand, and equally available to both parties alike, and there be no fiduciary relations, the injured party must show that he has availed himself of the means of information existing at the time of the transaction before he will be heard to say that he was deceived by the misrepresentations of the other." (*Champion* v. *Wood,* 79 Cal. 20, [12 Am. St. Rep. 126, 21 Pac. 535].)

In *Slaughter* v. *Gerson,* 80 U. S. (13 Wall.) 379, [20 L. ed. 627], it is stated: "This misrepresentation which will vitiate a contract of sale, and prevent a court of equity from aiding its enforcement, must not only relate to a material matter constituting an inducement to the contract, but must relate to a matter respecting which the complaining party did not possess at hand the means of knowledge, and it must be a misrepresentation upon which he relied, and by which he was actually misled to his injury. A court of equity will not undertake, any more than a court of law, to relieve a party from the consequences of his own inattention and carelessness. Where the means of knowledge are at hand equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say

that he has been deceived by the vendor's misrepresentations. If, having eyes, he will not see matters directly before them, where no concealment is made or attempted, he will not be entitled to favorable consideration when he complains that he has suffered from his own voluntary blindness, and been misled by over-confidence in the statements of another.'' (See, also, *Crane* v. *McCormack,* 92 Cal. 181, [28 Pac. 222]; *Placer County Bank* v. *Freeman,* 126 Cal. 94, [58 Pac. 388].)

The evidence was manifestly insufficient to sustain the special defense.

The jury may have been satisfied from the evidence that the machinery described in the contract was delivered, and may have based its verdict entirely upon the evidence introduced to sustain the special defense (which, as we have just seen, was insufficient for the purpose); it therefore follows that the case must be reversed.

Assuming that there was sufficient evidence to support the affirmative defense, and that that defense, being an equitable one, was a proper matter for the consideration of the jury, then the court erred in giving the following instructions over the objection of appellant: ''In civil cases the affirmative issue must be proven. The affirmative here is upon the plaintiff. Upon the plaintiff therefore rests the burden of proof.'' The respondent pleaded new matter by way of defense to plaintiff's cause of action, and it was incumbent upon him to establish such defense by a preponderance of evidence.

The judgment and order appealed from are reversed.

Cooper, P. J., and Hall, J., concurred.