[Civ. No. 2930. Third Appellate District.—November 22, 1926.]

E. W. SIEM, Appellant, v. CORA A. COOPER, Respondent.

**[1]** Vendor and Vendee—Contract for Purchase of Real Property—Construction—Remedies.—Under a contract for the purchase of real property, which provides for the payment of the purchase price in installments, and that in the event of the failure of the vendee to make the payments provided for the vendor shall be released from all obligation in law or in equity to convey said property, and the vendee shall forfeit all right thereto and all moneys theretofore paid thereunder shall be treated as liquidated damages for the nonfulfilment of the agreement, the vendor may at his election, in the event of default in the payment of any installment, as provided for, declare the whole purchase price due and payable and institute action for the balance thereof remaining unpaid.

[2] Id.—Action by Vendor to Recover Balance Due—Reformation of Contract—Defense—Pleading.—In an action by the representative of a vendor to recover the balance alleged to be due under a contract for the purchase of real property, which contract is set forth in the complaint, the defendant, without denying any of the allegations in the complaint, may set up in his answer by way of defense that by mutual mistake of the parties and mistake of the scrivener, the written contract as set forth in plaintiff's complaint does not truly exhibit the actual agreement of the parties thereto, in that it was intended by said contact so to provide that, in the event of a default being made by the vendee in the payment of any sums specified in the contract, the sole and exclusive remedy of the vendor would be to declare a forfeiture of the sums of money already paid by the vendee, and not to give any action for specific performance, and that when the written agreement set forth in plaintiff's complaint was prepared for signature, neither of the parties observed that the contract as written provided that, in the event of default, the balance of the contract might be declared due and payable and action instituted therefor; and the pleadings being in this form, the trial court did not err in overruling plaintiff's demurrer to defendant's answer and in denying plaintiff's motion for judgment on the pleadings.

[3] Id.—Reformation of Contract — Findings — Evidence. — In such action, the findings of the trial court to the effect that defendant was entitled to a reformation of the contract sued upon are supported by the evidence.

[4] Id.—Reformation of Instruments — Evidence — Appeal.—Testimony justifying 'reformation of written instruments must be clear and convincing; and the question of the sufficiency of the evidence is one of fact to be determined primarily by the trial court, and where the evidence, if standing alone without contradiction, would make out a *prima facie* case, an appellate court will not, because of the contradictory evidence reverse the judgment granting relief.

[5] Id. — Failure of Vendee to Read Contract — Effect of — Evidence.—In such action, the fact that the defendant failed to read the contract sued upon which was supposed to be (but was not) similar to a prior contract was not sufficient to preclude the trial court from granting relief to defendant where such failure was an act to be explained, and was explained by testimony to the effect that defendant signed the same re-

2.  See 23 R. C. L. 356.
4.  See 22 Cal. Jur. 742, 743.
5.  See 22 Cal. Jur. 726.

lying upon the fact that it was identical in terms with the prior contract.

[6] ID.—MISTAKE—DAMAGE—EVIDENCE.—In such action, the mistake as found by the trial court being of a material part of the agreement or transaction, relief does not depend upon a showing of actual injury.

(1) 39 **Cyc.**, p. 1904, n. 45.  (2) 34 **Cyc.**, p. 978, n. 84.  (3) 34 **Cyc.**, p. 988, n. 37.  (4) 4 **C. J.**, p. 900, n. 98, 99; 34 **Cyc.**, p. 984, n. 34, p. 988, n. 43, p. 998, n. 11.  (5) 34 **Cyc.**, p. 950, n. 63.  (6) 34 **Cyc.**, p. 917, n. 87.

APPEAL from a judgment of the Superior Court of Stanislaus County. **J. C. Needham**, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. N. Graybiel for Appellant.

Samuel V. Cornell for Respondent.

PLUMMER, J.—Action by plaintiff to recover balance alleged to be due on account of the purchase price of forty acres of land situate in the county of Stanislaus. Defendant had judgment and the plaintiff appeals and alleges as grounds for reversal that the court erred in overruling plaintiff's demurrer to defendant's cross-complaint, in not granting plaintiff's motion for judgment upon the pleadings and that the testimony does not support the findings of the court. The action was begun by the administrator of the estate of F. W. N. Siem, deceased, and the complaint, after setting forth the usual allegations as to the appointment of plaintiff as administrator, sets forth the following: That on or about the twenty-third day of March, 1921, said F. W. N. Siem entered into a contract in writing with said defendant for the purchase of a certain tract of land, a copy of which contract is attached to the complaint and made a part thereof; that the sum of five hundred dollars had been paid on account of the principal sum agreed to be paid by said agreement; that a certain payment due on the twenty-third day of March, 1923, had not been paid and that the whole contract had been declared due and payable

6. See 22 **Cal. Jur.** 718.

by reason of the default of defendant to make the installment payment just referred to; that the amount still due on said contract was the sum of three thousand dollars and interest thereon at the rate of six per cent per annum from the twenty-third day of March, 1922.    The contract provides that upon making the payments set forth in the agreement, then and in that case, the party of the first part will execute and deliver to the party of the second part therein a good and sufficient deed of conveyance, transferring to said party of the second part the premises mentioned, free from any lien or encumbrance, etc., and then contains the following paragraph: "It is agreed that time is of the essence of this agreement, and that in the event of the failure of the party of the second part to make the payments hereinbefore mentioned, or any part thereof, or to perform any of the covenants herein contained, then the party of the first part shall be released from all obligation in law or in equity to convey said property and the party of the second part shall forfeit all right thereto and all moneys theretofore paid hereunder shall be treated as liquidated damages for the nonfulfillment of this agreement."

The answer of the defendant contains no denials as to any of the allegations of the complaint, but sets up by way of defense that by mutual mistake of the parties and mistake of the scrivener, the written contract as set forth in plaintiff's complaint does not truly exhibit the actual agreement of the parties thereto, in that it was intended by said contract so to provide and specify that, in the event of a default being made by the defendant in the payment of any sum specified in said contract, the sole and exclusive remedy of the said Siem, his successors and assigns, would be to declare a forfeiture of the sums of money already paid by the defendant, and not to give any action for specific performance, and that when the written agreement set forth in plaintiff's complaint was prepared for signature, neither of the parties observed that the contract as written provided that, in event of default, the balance of the contract might be declared due and payable and action instituted therefor.

[1]    The law seems to be well settled that, under a contract such as appears in the writing attached to the plaintiff's complaint, the vendor may at his election, in the event

of default in the payment of any installment, as provided for, declare the whole purchase price due and payable and institute action for the balance thereof remaining unpaid. (*Smith* v. *Mohn*, 87 Cal. 489 [25 Pac. 696]; *Reed* v. *Hickey*, 13 Cal. App. 136 [109 Pac. 38].)

[2] Did the court err in overruling plaintiff's demurrer to the defendant's answer and in denying plaintiff's motion for judgment on the pleadings? This involves simply a question of procedure. While the usual form of pleading adopted by practitioners is to first deny the execution of the contract in the form and effect averred by the plaintiff and then set up the equitable matters relied upon as a defense and the facts upon which the defendant asks for a reformation of the writing in order that it may truly express the terms of the contract upon which there was a meeting of the minds of the parties entering into and executing the same, as appears in the case of *California Packing Corp.* v. *Larsen*, 187 Cal. 610 [203 Pac. 102], this, however, is not absolutely necessary. We find first a general statement of the law in 23 R. C. L. 356, as follows: "The relief may be granted whether the grounds therefor are set up affirmatively by bill or as a defense. The defense of reformation may be pleaded to all such bills in equity as a bill for specific performance, to set aside a deed, for an injunction, or to foreclose a mortgage. Under the reformed procedure, the defense may be pleaded to actions at law as well as to actions of an equitable nature," and, also, as set forth in 34 Cyc. 978: "On proper averments mistake may be set up by way of defense and reformation of the instrument may be asked in the plea or answer."

The foregoing quotations relate only to substantive law and not to forms of pleading, but the identical question involved here as to the sufficiency of the defendant's answer and the form of pleading has been decided adversely to the appellant's contention in the case of *McColgan* v. *Muirland*, 2 Cal. App. 6 [82 Pac. 1113]. We quote from that opinion: "The defendants answered, and in their answer, as a defense only, alleged in substance . . ." (Here follows all the matters constituting the equitable defense to the plaintiff's action.) A demurrer to the defendant's answer was sustained by the trial court and reversed by the district court of appeal. The opinion in that case is quite

lengthy and shows that the form of pleading there adopted and identically followed in this case to be sufficient to tender the question of a defense to actions of this kind involving mutual mistake in the execution of a writing and relief sought by way of reformation.

[3] Are the findings supported by the testimony? The transcript shows that Mr. Siem and Mrs. Cooper signed two instruments in writing relating to the purchase of the forty acres in question; the first writing was a simple optional agreement, by the terms of which the defendant was simply given the option to buy the land for a certain sum of money within a definite period of time, making installment payments during that period; that some question arose as to the certainty of the time when the installment payments were to be made and that the writing first signed by the respective parties was taken to an attorney's office, where it appears to have been re-drafted, was brought back to the office of the broker who was making the sale of the land for Mr. Siem, and then signed by Mr. Siem and Mrs. Cooper. The agent named Baldwin, who had charge of the sale of the property for Mr. Siem, testified that the selling price of the forty acres was advanced in the sum of five hundred dollars on account of the merely optional form of the contract. His testimony on this subject is, that he was the agent for Mr. Siem in finding a buyer for the land; that Mr. Siem at first refused to sell the property on an optional contract; that he would let Mrs. Cooper have the property if she would take a deed of the property and give him a mortgage back. "I told him that Mrs. Cooper said she would not buy it in any way except on an optional contract." Mr. Baldwin then testified that he drew up a contract of that kind, which was signed by the parties; that this contract was taken to an attorney's office for inspection on account of some question as to the definiteness of the dates of the installment payments; that the witness went to the office of the attorney and got the second contract and brought it back to his office for the parties to sign a short time after the signing of the first written instrument. At that time, in the presence of Mr. Siem and Mrs. Cooper, upon inquiry made by Mrs. Cooper, the witness stated that the wording of the first contract had not been changed. The testimony of the witness in this particular is as fol-

79 Cal. App.—48

lows: "She [referring to Mrs. Cooper] said: 'Now, I am depending on you to know that this is according to the agreement between Mr. Siem and myself in your office, here, that this is an optional contract.' She [Mrs. Cooper] said: 'Has the wording been changed in any way?' I said: 'It is the same with the exception of the wording in regard to the date of the payment, here, I believe it is just the same.' "

The testimony indicates that the second writing was then signed without having been read by the defendant. Mr. Baldwin further testified with regard to the terms of the original contract as follows: "Mr. Siem and I went over there—he was in my office at different times for three days before he would agree to sell the property that way, and that was the fair and square agreement in my office between Mr. Siem and Mrs. Cooper and myself. He was to let her have this property on an optional contract, and I sold the property for him for $500 more than it was listed for on these terms, and he said that he would take a chance on it in that way."

The testimony of Mrs. Cooper is to the same effect. Her testimony is that she carefully read the written instrument drawn by Mr. Baldwin; that such writing was simply an optional contract and provides only for a forfeiture of the moneys which she might have paid thereon in the event of a failure to complete the contract; that when the second writing was brought back from the attorney's office by Mr. Baldwin, to his office, she was informed in the presence of Mr. Siem that there was no change except as to the dates; that they both then signed the contract.

This, in substance, is the summary of the evidence upon which the court found that there had been a mutual mistake and that the defendant was entitled to a reformation of the instrument so as to correctly express the agreement of the parties. Further testimony was given by the witnesses to which we have referred along the same line, but we think the foregoing summary sufficient.

[4] The law requires that the testimony justifying reformation of written instruments must be clear and convincing. The question of the sufficiency of the evidence, however, is one of fact to be determined primarily by the trial court and where the evidence, if standing alone with-

out contradiction, would make out a *prima facie* case, an appellate court will not, because of contradictory evidence, reverse the judgment granting relief. (22 Cal. Jur., pp. 742, 743, sec. 24.)

We have not found any really contradictory evidence in the instant case. [5] It is true that the attorney to whose office the first agreement was taken for inspection is of the opinion that he did not write the second agreement and that no second instrument was drafted in his office, and while such testimony may in one sense be deemed contradictory evidence, we think the trial court was fully justified in coming to the conclusion that such testimony did not in any way weigh against the verity, clearness, and convincing character of the evidence which we have just herein set forth, nor is the fact that the defendant failed to read the second instrument sufficient to preclude the trial court from granting relief. Such failure is an act to be explained and where the testimony sufficiently explains such failure it is removed from the case just as other acts of failure might be removed. (22 Cal. Jur. 726, sec. 14.)

The reason why the second instrument was not read by the parties signing the same appears to be satisfactorily explained by the testimony of the agent of the vendor, who had charge of the instrument and was negotiating the sale of the property, this testimony being to the effect that the second instrument was identical in terms with the first.

[6] The mistake as found by the trial court being of a material part of the agreement or transaction, relief does not depend upon a showing of actual injury. (22 Cal. Jur. 718, sec. 9, and the cases there cited.)

Some minor reasons have been urged for reversal, but they are not of sufficient importance to require discussion thereof. We may also add that the cases cited by appellant are not reviewed herein because they are considered inapplicable. The judgment of the trial court is affirmed.

Thompson, J., *pro tem.*, and Finch, P. J., concurred.