[L. A. No. 10618. In Bank.—January 23, 1932.]

CALIFORNIA TRUST COMPANY (a Corporation), Respondent, v. J. J. COHN et al., Appellants.

D. Chase Rich for Appellants.

Swanwick & Donnelly and R. W. Proudfit for Respondent.

A. E. McCormick and Leslie R. Hewitt, *Amici Curiae.*

WASTE, C. J.—This is an appeal by the defendants from a judgment of dismissal entered upon the sustaining of a demurrer to their second amended cross-complaint. The action was brought by plaintiff to quiet title to a described parcel of real property. Defendants filed an answer denying plaintiff's ownership of the lot in dispute and a cross-complaint containing certain allegations of fraud and concluding with a prayer for judgment decreeing that plaintiff holds the legal title as trustee for the use and benefit of itself and the defendants, reforming a certain written contract so as to make it comply with an asserted prior oral declaration of trust, and for damages in the sum of $18,500 alleged to have resulted to the defendants by reason of plaintiff's fraud. To this threefold cross-complaint the plaintiff demurred on the grounds that it failed to state facts sufficient to constitute a cause of action, that it improperly seeks to join with an action to quiet title an action for damages, and that several causes of action have been improperly united and not separately stated, in that an action at law for damages is united with a bill in equity for reformation of a contract. The trial court sustained the demurrer with leave to the defendants to amend within ten days. Standing upon their second amended cross-complaint, the defendants declined to further amend, whereupon the judgment of dismissal from which this appeal is taken was entered.

A plaintiff, or cross-complainant, who declines to avail himself of leave to amend his pleading after a demurrer thereto is sustained, which demurrer is both general and special, must stand upon his pleading as against both grounds of demurrer. (*Aalwyn* v. *Cobe;* 168 Cal. 165, 173 [142 Pac. 79]; *Robinson* v. *Godfrey,* 78 Cal. App. 284, 288 [248 Pac. 268].) This being so, the judgment must be affirmed if any one of plaintiff's several grounds of demurrer is well taken. It is well, therefore, that we have before us the substance of the allegations of the cross-complaint. The pleading alleges that on May 15, 1926, the cross-defendant (who, for purposes of clarity, will hereafter be referred to as the plaintiff) was the owner of the lot in dispute, said lot forming a part of a tract containing some 150 lots; that on said date plaintiff stated and represented to the defendants (cross-complainants) that if they would pay plaintiff $7,500 it would hold title to said lot as trustee for the use and benefit of itself and the defendants, and would resell the same on or before May 15, 1927, for $40,000, which sum was represented to be its reasonable value, retaining $22,500 thereof, and paying to the defendants the remaining $17,500; that plaintiff also represented that it would immediately organize a large sales force to sell the entire tract; that it would improve the tract by grading and paving streets and sidewalks and by installing electric, telephone, water and gas service to each lot; that it would form a corporation consisting of all the lot owners in the tract; that it would deed an ocean frontage to the corporation for the benefit of the members, and that it would thereafter reduce the foregoing oral statements and representations to writing; that in reliance on these several representations, defendants, on May 15, 1926, paid $7,500 to the plaintiff; that on August 13, 1926, plaintiff presented to them a written agreement which it falsely and fraudulently represented to contain the oral representations above referred to; that in reliance on plaintiff's statements that the within agreement complied in all respects with the prior oral understanding, they signed the same without reading it; that said written agreement did not conform to plaintiff's prior oral representations in that it failed to provide for plaintiff's improvement of the tract, failed to state that plaintiff was holding lot 2 as trustee for the use

and benefit of itself and the defendants, and failed to provide for a resale of the lot by plaintiff; that all of the plaintiff's statements and representations were false and untrue and made with the intent to defraud; that on October 17, 1927, defendants received a communication from plaintiff demanding a $7,500 additional payment as required by the provisions of the asserted fraudulent written agreement theretofore signed by them; that then for the first time they read the same, and discovered plaintiff's fraud; that they therefore renounce the written agreement and rely on the asserted oral agreement, and declare plaintiff to be the holder of the legal title to lot 2 as trustee for the benefit of itself and defendants; and that by reason of plaintiff's fraud they have been damaged in the sum of $1,000 for attorney's fees and $17,500 by reason of plaintiff's failure to resell the property as agreed. The cross-complaint then prays (1) that plaintiff be decreed to be holding the legal title to lot 2 as trustee for the use and benefit of itself and the defendants; (2) that the written agreement be reformed so as to comply with the asserted prior oral agreement; and (3) that defendants be awarded judgment in the sum of $1,000 as and for attorney's fees expended in protecting the property, and $17,500 damages, together with interest and costs.

The written agreement, which is attached to the cross-complaint as an exhibit, differs materially from the alleged oral understanding, in that it constitutes a contract of sale under and by the terms and provisions of which the plaintiff agrees to sell and the defendants to buy lot 2 for $30,000, payable $7,500 on the signing thereof and $7,500 each year thereafter until paid.

We find no merit in the contention that the matter set up by the second amended cross-complaint is not a proper subject of cross-complaint. A cross-complaint can be maintained when the defendant seeks affirmative relief "relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, or affecting the property to which the action relates, . . . " (Code Civ. Proc., sec. 442.) It has been held that under the cross-complaint statute the "test is whether the matter set up by cross-complaint bears the necessary relation

to the matter constituting the cause of action. If such relation is present, it is immaterial that the *relief sought* by the cross-complaint is independent of that prayed for in the complaint; the cross-complaint need not tend to diminish or defeat the plaintiff's recovery, but may demand affirmative relief distinct from that demanded by the plaintiff.'' (*Hanes* v. *Coffee,* 212 Cal. 777 [300 Pac. 963].)

We are of the opinion that defendants' cross-complaint falls within the ''transaction'' clause of section 442, *supra.* In Clark on Code Pleading, page 454, it is stated that ''the liberality with which the facts constituting the transaction are selected depends upon the individual case''. The manner in which the complaint is drawn is not conclusive. The facts surrounding the cause of action and not the form of the complaint are determinative of what constitutes the transaction. (*Hanes* v. *Coffee, supra; Story & Isham Com. Co.* v. *Story,* 100 Cal. 31 [34 Pac. 671]; *Terry Trading Corp.* v. *Barsky,* 210 Cal. 428 [292 Pac. 474].) So far as we are now informed defendants' only connection with the property to which plaintiff seeks to have its title quieted arises out of the written instrument sought to be reformed. It is obvious therefore that the quiet title action is aimed or directed at any and all claims and demands made by the defendants under said written instrument. In other words, the pleadings now before us tend to indicate that were it not for the defendants' claims under the written instrument which it is herein sought to have reformed, there would have been no necessity for the institution of plaintiff's quiet title action. This being so, both claims are necessarily related to the same transaction. In announcing this conclusion we experience no difficulty with the early cases of *Meyer* v. *Quiggle,* 140 Cal. 495 [74 Pac. 40], and *Yorba* v. *Ward,* 109 Cal. 107 [38 Pac. 48, 41 Pac. 793], relied on by the plaintiff herein. By our decision in the recent case of *Hanes* v. *Coffee, supra,* above quoted from, we intended to disapprove of the reasoning advanced in those cases so far as they dealt with the ''transaction'' clause of the cross-complaint statute.

Having determined that the cause of action set out in defendants' second amended cross-complaint falls within the ''transaction'' clause of the cross-complaint statute,

and therefore forms the basis of a proper cross-complaint, it is unnecessary that we now determine whether or not defendants have any "interest" in the property involved in plaintiff's quiet title suit, so as to bring the cross-complaint within the scope and purview of the "subject" clause of the cross-complaint statute. It is sufficient, of course, if the cause of action of a cross-complaint fall within either the "transaction" clause *or* the "subject" clause of the cross-complaint statute. It need not satisfy both requirements.

Taking up first the general demurrer, we find, upon an examination of the authorities, that sufficient facts are alleged in defendants' second amended cross-complaint to warrant a reformation of the written contract. It is therein averred, and for purposes of demurrer these allegations are admitted to be true, that the defendants without knowledge of the true facts, and solely by reason of the plaintiff's fraudulent representations, were deceived and misled into signing a written contract differing materially from the prior oral understanding of the parties. It is elementary that when through fraud, or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised. (Civ. Code, sec. 3399.) Citing *Hawkins* v. *Hawkins*, 50 Cal. 558, and certain other cases, the plaintiff and the Pacific Land Corporation, Ltd., appearing herein as *amicus curiae*, contend that one who signs a written instrument is under the legal duty to ascertain its contents before signing it and, having failed to read it, cannot afterward attack it on the ground that he relied on the false representations of the other party that its contents were different from those which it actually contained. This is a question which has apparently perplexed the courts, for an examination of the authorities discloses a contrariety of opinion thereon both here and in other jurisdictions. In this regard see *Hawkins* v. *Hawkins, supra; De Laval Supply Co.* v. *Steadman*, 6 Cal. App. 651 [92 Pac. 877]; *Senter* v. *Senter*, 70 Cal. 619 [11 Pac. 782]; *Wilson* v. *Moriarity*, 88 Cal. 207, 212, 213 [26 Pac. 85]; *Los Angeles Co.* v. *New Liverpool Co.*, 150 Cal. 21, 25, 27 [87 Pac. 1029]; *Romano* v. *Seibt*, 95 Cal. App. 586 [272

Pac. 1065]; *Wolfe* v. *Morgan,* 95 Cal. App. 656, 658 [273 Pac. 64]; note to *Cherokee Oil & Gas Co.* v. *Lucky Leaf Oil & Gas Co.,* 45 A. L. R. 700, 706, 711. To distinguish or reconcile the many decisions on this point is an impossibility. However, it is safe to say that the failure to read a written instrument which it is sought to have reformed need not necessarily constitute a bar to relief. (*Siem* v. *Cooper,* 79 Cal. App. 748, 755 [250 Pac. 1106].) Whether or not such a failure amounts to such grossly and inexcusably negligent conduct as to preclude relief by way of reformation, depends upon the peculiar circumstances of each case. The failure to read an instrument prior to its execution is an act to be explained and where the testimony sufficiently explains such failure it is removed from the case just as other acts of failure might be removed. (*Siem* v. *Cooper, supra.*) There has always been a sharp struggle in the courts between the desire to repress fraud upon the one hand, and on the other to discourage negligence and the opportunity and invitation to commit perjury. ▪ We are inclined to the view, therefore, that where the failure to familiarize one's self with the contents of a written contract prior to its execution is traceable solely to carelessness or negligence, reformation as a rule should be denied; but that where such failure, and perhaps negligence, is induced, as alleged and admitted by the demurrer in this case, by the false representations and fraud of the other party to the contract that its provisions are different from those set out, the courts, even in the absence of a fiduciary or confidential relationship between the parties, should reform, and in most cases have reformed, the instrument so as to cause it to speak the true agreement of the parties. (*Romano* v. *Seibt, supra,* p. 588; *Wolfe* v. *Morgan, supra,* p. 658; *Senter* v. *Senter, supra,* p. 621; *Wilson* v. *Moriarity, supra,* p. 209; *Adcox* v. *James,* 168 Ark. 842 [271 S. W. 980, 981]; *Lloyd* v. *Hulick,* 69 N. J. Eq. 784 [115 Am. St. Rep. 624, 63 Atl. 616, 617].) In the case of *Kelley* v. *Ward,* 94 Tex. 289 [60 S. W. 311], it is stated that a party to an instrument who by fraud leads the other party to sign without reading it is in no position to urge the latter's negligence in bar of reformation. To the same effect is *Fiorito* v. *Clyde Equipment Co.,* 2 Fed. (2d) 807. ▪ So far as the gen-

eral demurrer is concerned, we are of the view that the defendants' second amended cross-complaint alleges a good and sufficient cause of action for reformation of the written instrument.

It is unnecessary, therefore, that we determine whether the cross-complaint alleges facts sufficient for the declaration of a trust or the imposition of damages. A general demurrer challenges the sufficiency of the pleading to state *any* cause of action and must not be sustained if the pleading states facts from which any liability results, although not for some or all of the relief sought to be obtained. (*Hall* v. *Bell*, 143 Wis. 296, 299 [127 N. W. 967].) If the pleading states grounds for relief, either legal or equitable, it will stand the test of a general demurrer. (*Swan* v. *Talbot*, 152 Cal. 142, 144 [17 L. R. A. (N. S.) 1066, 94 Pac. 238].) It is sufficient if the pleading contains the allegations essential to the statement of any one cause of action, even though an abortive attempt be made to state facts calling for other and different relief.

In support of its general demurrer plaintiff also relies on *Archer* v. *Miller*, 73 Cal. App. 678, 684 [239 Pac. 92], and similar cases holding that a contract of purchase and sale must be specifically enforceable and must, therefore, be alleged and shown to be just and reasonable in order to constitute a defense to a quiet title action. This line of authorities is without application to this cause for, as appears from the allegations of the cross-complaint, which are admitted by the demurrer, we are not here concerned with an executory contract of sale which it is sought to have specifically enforced, but rather with an executed transaction, the circumstances of which are legally sufficient, should the proof support the allegations, and the contract be accordingly reformed, to charge plaintiff as trustee for the defendants. The general demurrer is therefore without merit.

This brings us to a consideration of the second and third grounds of demurrer, which may be treated together. The second amended cross-complaint does not improperly join an action for damages with one to quiet title, nor does it improperly unite several causes of action without separately stating them. The relief sought by way of damages is but incidental and ancillary to the prayer for a decree

reforming the written contract and declaring plaintiff to hold lot 2 in trust for the purpose alleged. ▮ In an action of equitable cognizance, it is the policy of our law to allow a party to obtain in one action all the relief to which he may be entitled on account of a single transaction, although such relief may be of a character that would require several suits under the strict rules relating to the forms of common-law actions prior to the adoption of the codes. (*Murphy* v. *Crowley*, 140 Cal. 141, 145 [73 Pac. 820].) Equity does not deal with cases piecemeal, and in a proper case it may give other and different relief justified by the circumstances.

▮ The seeking of different kinds of relief does not establish different causes of action. (*San Diego Water Co.* v. *San Diego Flume Co.*, 108 Cal. 549, 556 [29 L. R. A. 839, 41 Pac. 495]; *Hutchinson* v. *Ainsworth*, 73 Cal. 452, 455 [2 Am. St. Rep. 823, 15 Pac. 82].) In discussing misjoinder of causes of action, it is therefore necessary to first determine in which cases there is but a single cause of action. The "cause of action" is to be distinguished from the "remedy" and the "relief" sought, for a plaintiff, or a cross-complainant, may frequently be entitled to several species of remedy for the enforcement of a single right. (*Beronio* v. *Ventura Lumber Co.*, 129 Cal. 232, 235 [79 Am. St. Rep. 118, 61 Pac. 958].) By way of example, it has been held that a suit to abate a nuisance and to recover damages does not involve a joinder of causes (*Grandona* v. *Lovdal*, 70 Cal. 161, 163 [11 Pac. 623]); that incidental to the quieting of title the complaint may ask that the instrument under which defendant claims title be declared void (*Parsons* v. *Weis*, 144 Cal. 410, 414 [77 Pac. 1007]); that in an action for trespass the prayer may ask for mesne profits, injury to personal property, expenses of removal and the like (*Gomez* v. *Reed*, 178 Cal. 759, 763 [174 Pac. 658]); and that a complaint in an action for reformation of contract does not set out two causes of action merely because it also requests that the contract, as reformed, be specifically enforced or damages be awarded in lieu thereof. (*Messer* v. *Hibernia Sav. etc. Soc.*, 149 Cal. 122, 126, 127 [84 Pac. 835].)

▮ In our opinion, the case at bar presents a situation where, under one cause of action, the cross-complainant is

entitled to several species of remedy. But one transaction is relied on as a basis for the threefold prayer for relief. In such a case the question of joinder of causes of action does not arise. There is but one cause of action—one right to be enforced, although several remedies may be sought. It follows that the two grounds of special demurrer are also without merit.

The judgment is reversed with directions to the court below to overrule plaintiff's demurrer to the defendants' second amended cross-complaint.

Curtis, J., Preston, J., Langdon, J., Richards, J., and Seawell, J., concurred.