[Civ. No. 69358. Second Dist., Div. Four. Nov. 14, 1983.]

LOUIS TEDESCO, Plaintiff and Appellant, v.
CROCKER NATIONAL BANK, Defendant and Respondent.

## COUNSEL

William A. Goichman for Plaintiff and Appellant.

Zobrist, Vienna & McCullough, Burton V. McCullough, David E. Kronemyer, William Alsup, Portia R. Moore, Jody Y. Jakosa and Morrison & Foerster for Defendant and Respondent.

## OPINION

**AMERIAN, J.**—This appeal is from the order of dismissal entered after demurrer to the complaint of Louis Tedesco (herein appellant) was sustained without leave to amend.[1] We reverse.

### FACTS

We accept as true for purposes of this appeal all facts properly pled by appellant. (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].) In his complaint filed September 9, 1982, appellant sets out one cause of action against respondent Crocker National Bank (herein Bank). That cause of action is denominated "Forgery, Negligence, Breach of Warranty of Good Title, Money Had and Received and Conversion." In addition, causes of action are alleged against other named defendants, none of whom is a party to this appeal. Paragraphs from those causes of action are incorporated by reference into the cause of action against Bank.

In the complaint it is alleged that from March to October 1981, appellant delivered (to defendant Campellone) $50,000 for purposes of investment in Florida. Of the $50,000, the sum of $20,000 was in the form of a check dated March 24, 1981, and payable to defendant Edith Bloom (herein

---

[1]The notice of appeal is from the order sustaining the demurrer. We treat the notice as a premature notice of appeal from the order of dismissal entered nine months after the entry of the order sustaining demurrer.

Bloom). Ten thousand dollars was in the form of a check dated May 8, 1981, and also payable to Bloom.

Campellone forged the indorsement of Bloom and deposited the two checks in an account Bloom maintained with Bank. Certain accounts maintained by Bloom at Bank were subject to withdrawal only on the presentation of checks bearing the signature of Bloom. The account into which Campellone deposited the two checks was one from which Campellone had the apparent right to withdraw. Bank, thereafter, made the funds available to Campellone. The bank on which the two checks were drawn by appellant paid $30,000 to Bank.

Bloom had advised Bank over a two-year period that Campellone "had no authority from her to sign on her behalf or endorse her name, use her account or otherwise act on her behalf." Since 1974, Bank had on file several signature cards containing the correct signature of Bloom. At all times Bloom maintained both checking and saving accounts at Bank. In his prayer, appellant seeks $30,000 plus interest from Bank.

Bank demurred on the sole ground that no cause of action was stated in the complaint. (Code Civ. Proc., § 430.10, subd. (e).)

Bank pointed out in its points and authorities filed with the trial court that appellant had alleged in his complaint that Campellone was the agent of Bloom. Therefore, it was argued, when Campellone deposited the checks into the account of Bloom, this was within his authority. Additionally, Bank observed that under the allegations of the complaint, appellant intended that $30,000 be deposited into the account of Bloom and the $30,000 was deposited into an account of Bloom.

The trial court sustained the demurrer of Bank to appellant's complaint without leave to amend.

## DISCUSSION

■ All that is necessary against a general demurrer is that the complaint plead facts showing that the plaintiff may be entitled to some relief. (*Alcorn* v. *Ambro Engineering* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].) ■ Where a demurrer has been sustained without leave to amend, "the allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties. (Code Civ. Proc., § 452.)" (*Youngman* v. *Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 244-245 [74 Cal.Rptr. 398, 449 P.2d 462].)

The essence of the complaint, as we read it, is that Bloom maintained several accounts with Bank which were subject to withdrawal only on signature of Bloom. Bloom specifically advised Bank that Campellone had no authority to sign on her behalf or indorse her name or use her account.

Bank accepted for deposit two checks totalling $30,000 and payable to Bloom. On those checks the indorsement of Bloom had been forged by Campellone. By virtue of Bank permitting Campellone to make the deposit, in contravention of the specific advice from its customer (Bloom), Campellone directed the particular Bloom account (of the several accounts maintained by Bloom at Bank) into which the checks were deposited. Campellone directed the funds into a particular Bloom account on which he, too, had the right to withdraw.

Because Bank accepted the forged indorsement and permitted the checks to be deposited by Campellone, Bloom did not direct the account into which the checks were to be deposited. By permitting Campellone to deposit the checks into an account on which he had an ostensible right to make withdrawals, Bank facilitated the conversion by Campellone of funds of appellant.

Provisions of the Uniform Commercial Code concerning bank deposits and collections (Cal. U. Com. Code, § 4101 et seq.)[2] govern the facts under review here. Bank in accepting checks of appellant acted as both collecting bank (§ 4105, subd. (d)) and as depositary bank (§ 4105, subd. (a)). Bloom was the customer of Bank (§ 4104, subd. (e)). Appellant was the drawer of the checks.

### Conversion

Section 3419 provides, in pertinent part: "(1) An instrument is converted when

". . . . . . . . . . . . . . . . . . . . . . . .

"(c) It is paid on a forged indorsement.

"(2) In any action under subdivision (1), the measure of liability is presumed to be the face amount of the instrument.

"(3) Subject to the provisions of this code concerning restrictive indorsements a representative, including a depositary or collecting bank, who has

---

[2]All references are to the California Uniform Commercial Code, unless otherwise indicated.

in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.''

In *Cooper* v. *Union Bank* (1973) 9 Cal.3d 371 [107 Cal.Rptr. 1, 507 P.2d 609], payee brought suit against collecting banks, claiming that collecting banks had paid on a forged indorsement. After trial, the trial court concluded that the collecting banks had acted in good faith and that there was therefore, no liability on them under section 3419.

The Supreme Court reversed, and observed that, "Again resorting to general banking theory, we find that the amounts a collecting bank remits to a person who transfers to the bank a check bearing a forged indorsement do not constitute the proceeds of the instrument. This result is quite clear in the case of an instrument cashed over the counter. At the time the bank takes such an instrument it has obviously not made any prior collection and, thus, has nothing that could be considered proceeds. The money paid over the counter is, consequently, the bank's own money. Upon collection of the instrument, the proceeds become merged with the bank's general funds and are therefore retained by the bank. [Citation.]'' (At p. 378.)

█ Here it is alleged that Bank paid on a forged indorsement and thereafter collected funds from the bank on which appellant had drawn the check. We conclude that there has been adequately plead by appellant against Bank as a collecting bank a cause of action for conversion under section 3419.

### Breach of Warranty of Good Title

Section 4207 provides, in part, "(1) Each customer or collecting bank who obtains payment or acceptance of an item and each prior customer and collecting bank warrants to the payor bank or other payor who in good faith pays or accepts the item that

"(a) He has a good title to the item or is authorized to obtain payment or acceptance on behalf of one who has a good title; and

"(b) He has no knowledge that the signature of the maker or drawer is unauthorized, except that this warranty is not given by any customer or collecting bank that is a holder in due course and acts in good faith

"(i) To a maker with respect to the maker's own signature; or

"(ii)  To a drawer with respect to the drawer's own signature, whether or not the drawer is also the drawee; or

"(iii)  To an acceptor of an item if the holder in due course took the item after the acceptance or obtained the acceptance without knowledge that the drawer's signature was unauthorized; . . .

"  . . . . . . . . . . . . . . . . . . . . . . . .

"(2)  Each customer and collecting bank who transfers an item and receives a settlement or other consideration for it warrants to his transferee and to any subsequent collecting bank who takes the item in good faith that

"(a)  He has a good title to the item or is authorized to obtain payment or acceptance on behalf of one who has a good title and the transfer is otherwise rightful; and

"(b)  All signatures are genuine or authorized; . . .

"  . . . . . . . . . . . . . . . . . . . . . . . .

"In addition each customer and collecting bank so transferring an item and receiving a settlement or other consideration engages that upon dishonor and any necessary notice of dishonor and·protest he will take up the item."

■  A collecting bank which handles an instrument for collection is strictly liable to the payor bank for breach of warranty of good title. (*Cooper* v. *Union Bank, supra,* 9 Cal.3d at p. 381.)

■  The payor bank is strictly liable to the true owner if it pays an instrument on a forged indorsement. (*Cooper* v. *Union Bank, supra,* 9 Cal.3d at p. 381.)

In *Sun 'n Sand, Inc.* v. *United California Bank* (1978) 21 Cal.3d 671 [148 Cal.Rptr. 329, 382 P.2d 920], the Supreme Court held that "the drawer of a check whose account is charged is a payor within the meaning of section 4207 and may maintain an action against a collecting bank based on that section's warranties." (At pp. 682-683.)

■  Appellant has stated a cause of action against Bank as a collecting bank for breach of warranties under section 4207, as interpreted by *Sun 'n Sand.* The complaint alleges that Bank knew or should have known that Campellone was not authorized to act on behalf of Bloom or sign her name when it accepted Campellone's indorsement.

### Remaining Theories

". . . A general demurrer challenges the sufficiency of the pleading to state *any* cause of action and must not be sustained if the pleading states facts from which any liability results, although not for some or all of the relief sought to be obtained. [Citation.] If the pleading states grounds for relief, either legal or equitable, it will stand the test of a general demurrer. [Citation.] It is sufficient if the pleading contains the allegations essential to the statement of any one cause of action, even though an abortive attempt be made to state facts calling for other and different relief." (*California Trust Co.* v. *Cohn* (1932) 214 Cal. 619, 628 [7 P.2d 297].)

Because we determine that there are at least two causes of action properly plead, we need not and do not discuss the remaining theories contained in the caption of the cause of action against Bank.

### Disposition

The judgment is reversed.

Kingsley, Acting P. J., and McClosky, J., concurred.

A petition for a rehearing was denied December 8, 1983, and respondent's petition for a hearing by the Supreme Court was denied February 23, 1984. Kaus, J., and Grodin, J., did not participate therein.