[No. 12828. In Bank. — December 26, 1888.]

BRIDGET WILSON, APPELLANT, v. JOHN MORIARTY, RESPONDENT.

EQUITY — RESCISSION OF LEASE — FRAUD — WEAKNESS OF MIND — PLEADING — DEMURRER. — The complaint alleged in substance that the plaintiff, though not entirely incapacitated, was an ignorant woman of great mental weakness, and could neither read nor write; that under the influence of the defendant, who acted throughout with a fraudulent intent, through her husband, who was his ignorant tool, she was fraudulently induced to execute and acknowledge a lease to the defendant for an inadequate consideration, for a rent less than one half the value of the use and occupation, and for twice the term which her husband had induced her to agree to, and which, from the representations of the defendant, she understood was granted by the lease, and giving a right of renewal for another term of equal length, at the same rental, of which she was wholly ignorant, owing to her reliance upon the fraudulent statements of the defendants as to its contents; that after she discovered how she had been deceived, and had vainly tried to induce the defendant to have the lease reformed to correspond to what her husband had persuaded her to agree

to, she rescinded the contract, and notified the defendant thereof at once. *Held*, that the complaint stated a cause of action for rescission of the lease, and was not demurrable for ambiguity or uncertainty in not showing whether the plaintiff was of unsound mind or irresponsible, or in not further particularizing the fraud of the defendant.

ID. — RETURN OF RENTS. — It is not necessary in such an action to offer to return the rents received under the lease, the defendant having occupied the premises for a rent greatly less than their rental value, and being already fully reimbursed for the payments made by him.

APPEAL from a judgment of the Superior Court of the county of Los Angeles.

The demurrer for ambiguity and uncertainty specified the particulars mentioned in the first *syllabus* above. The further facts are stated in the opinion.

*Smith, Patton & Howard,* and *Anderson, Fitzgerald & Anderson,* for Appellant.

*Stephen M. White,* and *R. H. F. Variel,* for Respondent.

FOOTE, C.—This action was instituted for the purpose of having a certain contract of lease rescinded. The defendant demurred to the complaint filed, upon the grounds,—1. That it did not state facts sufficient to constitute a cause of action; 2. That it was ambiguous, unintelligible, and uncertain in various particulars.

The demurrer was sustained, and the plaintiff declining to amend her complaint, judgment passed for the defendant, from which an appeal was taken.

The facts stated in the complaint are, as it appears to us, different from those set up in the case of *Hawkins* v. *Hawkins,* 50 Cal. 558, the decision in which is relied on by the respondent here. In that case there was no allegation that the plaintiff was a person of weak mind, or that the consideration for the making of the contract was inadequate. It seems to have been a case where the party, deceived as to the terms of the contract he apparently assented to, was simply an unlettered and illiterate person, of ordinarily sound intellect, we must

suppose, who, by his own carelessness, had allowed himself to be entrapped, and where the defendant occupied no trust relation.

In the present case "an illiterate and ignorant woman of weak understanding, unable to read or write, and ignorant of business, and unable to fix her attention upon or to understand the effect of legal documents when read to her," declares that the defendant was a man of more than ordinary capacity, a "shrewd merchant and business man of very plausible manners and address," and during all the period of time referred to in the complaint, on "terms of intimate friendship with the plaintiff and her husband, who was a person ignorant of business, illiterate, and of no business capacity"; that during all that time the defendant had and exercised a great influence over her and her husband; that before the lease sought to be canceled was executed, the defendant had endeavored, without success, to induce the plaintiff to sell him the property mentioned in the complaint; that "thereupon the defendant conceived the intent to defraud and cheat the plaintiff out of said property under the disguise of a long lease, for a rental far below the rental value of said property, and in pursuance of said fraudulent intent, did importune" the said husband of plaintiff "to procure for the defendant a five years' lease of said property, and finally, by such importunity," induced her husband to consent thereto, the said husband then agreeing that he would "procure the plaintiff to give the defendant such a lease for a term of five years only, on the following terms: For a monthly rental of $150 per month, the plaintiff to put an iron front to the lower story of the building on said premises, which building was of two stories."

She further alleges that the monthly rental of the premises in question, with the iron front improvement (which was made), was at least $350, as the defendant knew, and that he cunningly, taking advantage of the

want of knowledge and the want of business capacity of her husband, and of his friendship to the defendant, and of the influence which defendant exercised over him, and knowing the ignorance of the plaintiff, and that she relied on her husband in the premises, fraudulently persuaded her husband that the sum of $150 was a fair monthly rental for the premises, and that her husband thus deceived consented to the execution of the five years' lease, and persuaded his wife to make it, she being under his influence, and ignorant of the true value of the premises; that the defendant then had the instrument drawn up which it is sought here to have rescinded, which, instead of being for five years, as the defendant had induced her to believe, was for ten years, with the privilege to him of leasing the property for ten years more at the rate of $150 per month; that defendant fraudulently procured her to go before a notary and execute the lease thus altered from its originally supposed terms, knowing the plaintiff's incapacity to understand it when read to her, and that she relied upon his fraudulent statement as to its contents. She further alleges that when the instrument was read to her, she "thinking, and having been induced to believe by the defendant, that she knew what the contents of the said instrument were, and that it was read to her as a mere form, plaintiff was unable to keep her attention fixed upon said reading, and her attention wandered from the reading of the long legal document, and the real terms thereof were unheeded by her"; that no further explanation thereof having been made to her save the reading of the instrument, and the statement that it was a lease of her property, she executed and acknowledged it.

After she had ascertained, upon consultation with friends, how she had been deceived with reference to the rental value of the premises, and had vainly endeavored to get the defendant to reform the lease so as to make it conform to what her husband has persuaded her to agree

to, she rescinded the contract, and notified the defendant thereof at once.

The prayer of the complaint is, that the contract as executed be rescinded, and for such other and further relief as equity may require.

Upon demurrer, all the facts stated in the complaint, which are offered to be proved, must be taken as if proved. It is evident, therefore, that the defendant was to have the use and occupation of the plaintiff's premises for a rent far less than its value, that the lease was executed for an inadequate consideration, and that the plaintiff, while not entirely incapacitated, was of great mental weakness, under the influence of the defendant, acting throughout with a fraudulent intent through her husband, who was his ignorant tool, and she executed the lease sought to be canceled under such conditions. This is sufficient to bring the case in hand, within the rule laid down by the appellate court in the case of *Donner* v. *Richards*, 72 Cal. 211.

There the court declares that an imposition was practiced upon one Peck, a man of great weakness of mind, though not absolutely disqualified, through which he was induced to execute a deed, in that "he was permitted to so execute it under the belief that he was reserving and securing to himself during his life the control and revenues of his property."

It was unnecessary, notwithstanding the defendant's argument to the contrary, to have offered to refund the rents received at the rate of $150 per month, even if it be conceded that the complaint shows that they were paid, for if they were paid, the defendant must have occupied the premises for a rent greatly less than they were worth, so that he is already fully reimbursed for the payments he may have made to the plaintiffs.

The complaint is couched in ordinary and plain language, such as can be readily understood, and is not obnoxious to the second ground of demurrer.

We advise that the judgment be reversed, and the cause remanded for further proceedings.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for further proceedings.