[Civ. No. 4503.   First Appellate District, Division One.—September 6, 1924.]

WILLIAM C. KNOX, Appellant, v. MODERN GARAGE AND REPAIR SHOP et al., Respondents.

[1] CONTRACTS—SALE OF GARAGE—BROKER'S COMMISSIONS—RESCISSION —FINDING—EVIDENCE.—In this action upon a broker's contract to recover a commission for the sale of a garage belonging to defendants, the finding that the parties by oral agreement rescinded the contract between them is unsupported by the evidence.

[2] ID.—DISCLAIMER OF KNOWLEDGE OF CONTENTS OF CONTRACT—ESTOPPEL.—In such an action, a party cannot be heard to say that he had not read the contract and did not know the contents thereof.

[3] ID.—KNOWLEDGE OF CONTENTS OF CONTRACT — NEGLIGENCE — MISTAKE.—Where a party to a written contract wishes to avoid liability thereon on the ground that he did not know its contents,

---

2.  See 6 Cal. Jur. 84; 6 R. C. L. 624, 627.

the question, in the absence of misrepresentation, fraud, undue influence and the like, turns on whether he was guilty of negligence in signing without such knowledge. When he is negligent in not informing himself of the contents, and signs or accepts the agreement with full opportunity of knowing the true facts, he cannot avoid liability on the ground that he was mistaken concerning such terms in the absence of fraud or misrepresentation.

[4] ID.—SALE BY OWNERS—RIGHT OF BROKER TO COMMISSION—ABSENCE OF TERMINATION OF CONTRACT.—In such action, where the contract by its provisions was to remain in full force and effect for the period of ten days and thereafter until revoked by a ten days' notice in writing, and a commission, according to the terms of said contract, was to be paid in the event of a sale of the garage by the broker or the owner while the contract was in force, the broker was entitled to his commission on a sale made by the owner where no notice of termination of the contract was ever given and no fraud or mistake in entering into the contract was shown.

(1) 9 C. J., p. 654, sec. 127. (2) 13 C. J., p. 370, sec. 249. (3) 13 C. J., p. 370, sec. 249. (4) 9 C. J., p. 563, sec. 64.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Reversed.

The facts are stated in the opinion of the court.

Daniel H. Knox and James M. Thomas for Appellant.

Mervyn R. Dowd for Respondents.

TYLER, P. J.—Action upon a broker's contract to recover the sum of $500 provided for therein as a commission for the sale of a certain garage.

The contract reads as follows:

"San Francisco, Cal., Mar. 3, 1922.
"Service Investment Co.,

"For value received and in consideration of services to be performed by you, I hereby employ and authorize you as my agent to sell for me my garage business known as Modern

4. When broker has earned commission, notes, 28 **Am. St. Rep.** 546; 139 **Am. St. Rep.** 225. See, also, 4 **Cal. Jur.** 608; 4 **R. C. L.** 251.

Garage located at 740 Valencia. Lease 4½ years. Rent per month $225. Price asked $6,500.00 Cash or terms—cash.

"In consideration of your offering my property for sale and listing same on your records I agree to pay you at your office at San Francisco, Calif., in the event of a sale, transfer or exchange of said property, or any part thereof, either by you or by me or by any other person while this contract is in force, as commission for said services the sum of $500.00, whatever the selling price may be, and the same commission if sold thereafter to anyone sent by you, or who has received information directly or indirectly through your office. This employment and authorization shall continue irrevocably for the full period of ten days from the date hereof, and shall continue thereafter until this authority is revoked by me by giving a ten days' notice in writing, to be sent by registered mail or delivered personally at your office. In case this contract is canceled before my property is sold I agree to reimburse you for the amount advanced by you in advertising my property but not to exceed one percent of the price asked.

"........................

"(signed) MODERN GARAGE & REPAIR SHOP,

"H. H. BEHLMER, JR.

"Accepted this 3rd day of March, 1922,

"(signed) SERVICE INVESTMENT Co. by CHAS. H. LAND, JR."

The complaint in substance alleges defendants to be partners doing business under the name of "Modern Garage and Repair Shop," and charges that such defendants, after the execution of the contract with the Service Investment Co. and while the same was in full force and effect, themselves sold and transferred the said garage business to certain purchasers, and that by reason thereof the commission provided for immediately became due and payable to said Service Investment Co. Then follows an allegation of the assignment by said company of all its rights under the contract to plaintiff, and a prayer for the amount of the commission.

Defendants, answering, admit entering into a contract for the sale of said business, but allege that the same was limited to a period of ten days, and that plaintiff's assignor failed within said time to produce a purchaser able, ready, and willing to purchase, and that such contract was thereafter terminated and canceled by consent, and that plaintiff's

assignor thereafter made no further attempt to carry out the contract, whereupon defendants sold the business themselves.

The trial court found that defendants orally canceled and rescinded the contract, and that plaintiff's assignor abandoned said contract within two or three days after March 13, 1922 (being ten days after the making of the contract), and made no further attempt to sell said business, but agreed to said cancellation. Judgment was accordingly rendered in favor of the defendants. A motion for a new trial was made and denied, and plaintiff appeals.

It is appellant's contention that there is no evidence in the record to sustain the finding that the contract was rescinded by the consent of the parties, and that respondents, having failed to revoke the contract by writing in the manner provided for therein, the same was still in force and effect when the sale was made by respondents, and hence plaintiff as assignee is entitled to receive the commission therein agreed to be paid.

The appeal is taken by the alternative method. [1] Respondents have not referred us to any testimony in the record to sustain the finding that the parties by oral agreement rescinded the contract. However, we have read the record carefully and we find no evidence to support such a finding. On the contrary, the evidence shows conclusively that plaintiff's assignor did nothing of the sort. There is evidence to show that the owners of the garage did not have a copy of the contract, and that they were under the impression that the duration of the same was limited to ten days. There is also evidence on the part of the owner who signed the contract that he did not read it and knew nothing of its provision relating to the manner provided therein for the termination thereof. On this subject, however, there is a sharp conflict in the testimony. There is also evidence to show that plaintiff's assignor did make efforts with defendants' knowledge to sell the business after the ten-day period. As already pointed out, there is no evidence to show that there was ever any mutual agreement to terminate the contract. Defendants themselves testified that plaintiff's assignor never said anything indicating any such intention.

Respondents' contention in support of the judgment that a contract may be mutually abandoned by the parties at any stage of its performance, and each of the parties released from any further obligation on account thereof, and that this result may be accomplished by parol, is not therefore available to them, it being without foundation in the record. No such question can here arise. There never was any consent to the termination of the agreement so far as the record shows.

This is an action upon the contract. [2] In such an action a party cannot be heard to say that he had not read the same and did not know the contents thereof. [3] Where a party to a written contract wishes to avoid liability thereon on the ground that he did not know its contents, the question, in the absence of misrepresentation, fraud, undue influence, and the like, turns on whether he was guilty of negligence in signing without such knowledge. When he is negligent in not informing himself of the contents, and signs or accepts the agreement with full opportunity of knowing the true facts, he cannot avoid liability on the ground that he was mistaken concerning such terms in the absence of fraud or misrepresentation.

[4] The action being upon the contract, so far as the merits are concerned, it is not material that plaintiff's assignor failed to make a sale. The contract by its provisions was to remain in full force and effect for the period of ten days and thereafter until revoked by a ten days' notice in writing. No notice of termination was ever given. The contract, therefore, was in full force and effect at the time the sale was made. (*Kimmel* v. *Skelly,* 130 Cal. 555 [62 Pac. 1067].) Defendants made their contract and are bound by the terms thereof, which they should have known; and there is no evidence in the record to show there was any fraud or mistake in entering into the same.

Judgment reversed.

Knight, J., and St. Sure, J., concurred.