[Civ. No. 5232. First Appellate District, Division One.—December 19, 1928.]

R. E. ROMANO, Appellant, v. CARL SEIBT et al., Respondents.

Albert Picard for Appellant.

Robert B. Gaylord for Respondents.

CASHIN, J.—An appeal by the plaintiff, a real estate broker, from a judgment entered for the defendants in an action to recover a commission.

Defendant Carl Seibt, on July 6, 1923, executed to the plaintiffs an authorization in writing for the sale by the latter of certain real estate situated in San Francisco. The writing provided for the payment of a commission of four hundred dollars to the broker in case of sale either by him or by the owner within the period fixed by the authorization. The writing by its terms provided that it should remain in force "irrevocable for ninety days from date hereof and thereafter until withdrawn . . . in writing. . . . " The property was not sold by the plaintiff, nor was a purchaser found by him, but the sale was made by the owner through another broker. While the sale was made after the ninety-day period the claim for commission is based upon the fact that there had been no previous withdrawal in writing of plaintiff's authorization.

As defenses to the action and as grounds for a reformation of the instrument it was alleged that the wife of defendant Seibt, who was joined as a defendant, neither executed the writing nor authorized its execution by her husband; further, that the agreement between the parties was that the authorization should remain in force for ninety days and no more; that the authorization was drawn by plaintiff, who represented to Seibt that the same contained the above provision; that the instrument was read to said defendant by plaintiff, with the exception of that portion providing that it should remain in force after the ninety-day period, that is, until withdrawn in writing; that relying upon the statement of the plaintiff as to its provisions, which he believed to be true, defendant Seibt did not read the writing but signed the same through a mistake as to its contents.

The court found the allegations above to be true; that the writing did not express the true agreement of the parties in so far as it made necessary a notice of termination after the ninety-day period, and in that respect should be reformed. Judgment was entered for defendants accordingly.

The findings of the court are fully supported by the evidence, but appellant claims that defendant Seibt was

negligent in failing to read the instrument and was not justified in relying upon the plaintiff's statements as to its contents. In support of this contention plaintiff relies upon the following cases, namely, *Knox* v. *Modern etc. Shop*, 68 Cal. App. 583 [229 Pac. 880], and *Kimmell* v. *Skelly*, 130 Cal. 555 [62 Pac. 1067].

In the first case the trial court found that the parties by mutual agreement rescinded a paragraph of the contract before a sale was made by the owners, which finding was without support. The owners also claimed that they failed to read the contract before it was signed, and were not aware of a clause therein similar to the one in question. There was, however, no concealment or misrepresentation by the broker, and the court held that the owners were negligent in failing to inform themselves of the contents of the writing, and could not avoid liability on the ground that they were mistaken as to its terms.

A similar situation was presented in the second case, where it was held that the party complaining had under the circumstances no right to rely upon the statements of the other parties to the transaction.

But the case at bar differs from the above in that, according to the evidence and findings, the plaintiff not only inserted the clause in question contrary to the agreement of the parties, but concealed the fact that it was contained in the writing. Under such circumstances the provision might be avoided by the defendant, notwithstanding he might have discovered it at the time the contract was executed had he exercised a higher degree of diligence (*Wilson* v. *Moriarty*, 77 Cal. 596 [20 Pac. 134]; *Wenzel* v. *Schulz*, 78 Cal. 222 [20 Pac. 404]; *Smith* v. *Occidental etc. Steamship Co.*, 99 Cal. 462, 471 [34 Pac. 84]). ▪ Moreover, as held in *Los Angeles Co.* v. *New Liverpool Co.*, 150 Cal. 21 [87 Pac. 1029], the mere failure of a party to read an instrument with sufficient attention to perceive an error or defect in its contents will not prevent its reformation at the instance of the party who executes it thus carelessly. The facts fully justified the conclusions of the trial court, and the judgment is accordingly affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 18, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1929.

All the Justices concurred.