[Civ. No. 14189.   Second Dist., Div. One.   Mar. 3, 1944.]

FRANCISCO   D.   TOMAS,   Respondent,   v.   RICHARD
VAUGHN et al., Appellants.

Glenn S. Roberts for Appellants.

Edgar A. Nathan for Respondent.

WHITE, J.—This is an appeal from a judgment in favor of plaintiff Francisco D. Tomas and from an order denying defendants' motion for a new trial.

An action in equity was brought by plaintiff Tomas to reform a written conditional sales contract for the purchase of an automobile from defendant Vaughn, a used car dealer, on the ground of fraud on the part of defendant Vaughn and mistake on the part of plaintiff Tomas. Defendant Pacific Finance Corporation was assignee of the contract.

The agreement sought to be. reformed provided for 24 monthly installment payments of $20 each and a final payment of $95. Plaintiff contends that the agreement, purported to have been incorporated in the written contract, provided for 18 monthly installment payments of $20 each with a final payment of $95, but that defendant Vaughn in presenting the written contract to the plaintiff for signature concealed with his hand that portion of the contract which called for the six additional payments.

The contract was later assigned by defendant Vaughn to

the Pacific Finance Corporation under a repurchase agreement whereby the dealer Vaughn agreed to pay the finance company any unpaid balance in the event of default by the purchaser of the automobile. The assignment of the contract signed by plaintiff contained a warranty by defendant Vaughn that it was a bona fide contract and that the amounts stated therein were correct. The contract itself contained the following clause: "Purchaser shall be estopped to deny as to such assignee any of the statements contained in this contract, or to allege that there were any representations made by Seller which are not contained in this contract."

Plaintiff made two payments to defendant Vaughn and three payments to defendant Pacific Finance Corporation, and at the time of making the third payment to the finance company, he allegedly discovered that there were six additional payments to be made.

The issues were joined on the second amended complaint. At the conclusion of the trial, the trial judge reviewed the evidence, stating that the amount of the carrying charges was computed correctly, that the amount claimed by plaintiff to be the purchase price was unreasonably low, that there was some evidence of concealment of one copy of the contract, and that the evidence was insufficient to entitle plaintiff to reformation on the ground of fraud and no basis for reformation on the ground of mistake, and thereupon he orally ordered judgment for defendants. However, when the findings of fact and conclusions of law were signed, they were in favor of plaintiff.

The judgment ordered reformation of the contract by reducing the final payment from $95 to $55.85 (being the difference between the last payment agreed to be made and the sum of $39.15, the amount set up by the finance company as a reserve account when it purchased the contract from defendant Vaughn) and ordered a money judgment in the sum of $80.85 against defendant Vaughn and in favor of plaintiff (being the $120 or 6 payments of $20 each, less the $39.15 deducted by the finance company when purchasing the contract from Vaughn). Thus, under the judgment, the contract remained as written and covered a period of 25 months but contained a reduction in the amount of the last payment. A motion for a new trial was filed by each defendant and denied, whereupon both defendants prosecute this appeal.

As a first ground of appeal it is urged by appellants that the court erred in granting a money judgment in the absence of proper pleadings praying for such relief, and in the absence of any evidence to support such money judgment.

The pleadings alleged and there was evidence to support the claim, that the contract as agreed upon was to provide for 18 payments of $20 instead of 24 payments in the same amount. The court so found and in revising the contract to conform to the terms agreed upon, found the damages to be in the sum of $120, or the difference between the amount agreed upon between the parties and the amount provided for in the contract as written. █ It is well established in our law (sec. 3402, Civ. Code) that a contract in the same action may be first revised, and then specifically enforced (*Messer* v. *Hibernia Savings & Loan Society*, 149 Cal. 122, 126 [84 P. 835]). And, where through no fault of the plaintiff in equity, specific performance cannot be decreed, the court, having obtained jurisdiction of the subject matter properly within its jurisdiction will grant, as an alternative, monetary relief, which in an action strictly at law would be by way of damages. Neither the seeking nor the award of different kinds of relief establishes different causes of action. █ Where as here, the award of damages was purely incidental to the equitable relief originally sought, the trial court was not without power to make such an award of damages (*Union Oil Co.* v. *Reconstruction Oil Co.*, 20 Cal.App.2d 170, 184 [66 P.2d 1215]).

Appellants' claim that respondent's only remedy was to rescind and sue for a return of the consideration paid, or ratify the contract and sue for damages on the ground of fraud, cannot be sustained. The action as filed being one for reformation of contract, was of an equitable nature. Once having acquired jurisdiction equity was justified in retaining such jurisdiction until all issues in the action should be determined. The award of damages herein was purely incidental to the relief of reformation which respondent sought by his equitable action. █ Because equity does not look with favor upon litigation by piecemeal, it will, whenever possible, dispose of the entire controversy between the parties, will grant complete relief, and will, whenever possible, settle and determine all differences between the parties in the one action, thereby leaving nothing for further litigation between the same parties and upon the same subject matter (*Sonnick-*

*sen* v. *Sonnicksen,* 45 Cal.App.2d 46, 52 [113 P.2d 495]; *Union Oil Co.* v. *Reconstruction Oil Co., supra*). By the action taken in the instant case the court, in reforming the contract, also protected the interests of appellant Pacific Finance Corporation which was a bona fide purchaser for value, of the contract, without notice of the defects therein. Once it acquires jurisdiction, equity's broad powers will permit the granting of relief as varied and diversified as the means employed to produce the injury complained of. And in so doing equity is not bound to the strict legal rights of the parties (*Muchenberger* v. *City of Santa Monica,* 206 Cal. 635, 646 [275 P. 803]). ██ Furthermore, under the facts of the instant case, we do not consider the trial court's award of a money judgment against defendant Vaughn as an award of damages but regard the same merely as an award made incidental to the equitable relief sought by plaintiff. It seems clear that the money judgment was given, as heretofore indicated, in order to adjust the equities between the parties and to prevent defendant Pacific Finance Corporation from suffering any prejudice to the rights acquired by it through an assignment of the contract, taken in good faith and without notice of any infirmities therein.

Appellants next assert that the court erred in ordering judgment for reformation of the written contract in view of the evidence and findings of fact that defendant Pacific Finance Corporation was a bona fide purchaser of such contract for value and without notice of its infirmities. A statutory right of action for reformation arises whenever a written contract does not truly express the intention of the parties either because of fraud or mistake (Civ. Code, sec. 3399). True, such reformation, according to the code section, should not transgress or prejudice the rights acquired by third persons in good faith and for value. In the instant case, if any prejudice ensued to defendant Pacific Finance Corporation, assignee of the contract, as a result of the judgment, it might well be argued that respondent was not entitled to the reformation sought because he could easily have avoided any such prejudice to the innocent assignee by simply reading the contract and thereby ascertaining his obligations thereunder. Not having done this it might be held, as to the innocent assignee, that it was through respondent's negli-

gence that the wrong occurred from which either himself or the innocent assignee would suffer. And therefore, the rule laid down by section 3543 of the Civil Code, that "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer" should be given application to the facts. ▮ But we fail to perceive wherein the defendant assignee, Pacific Finance Corporation, suffered any detriment or prejudice by reason of the judgment rendered herein. As we read the record the sum of $39.15, referred to as a "reserve account," amounted simply to a deduction of that amount from the face value of the contract as assigned to the Pacific Finance Corporation; the latter paying the defendant Vaughn the amount of the face value of the contract less the sum of $39.15. The judgment as rendered provided that respondent should pay the amount to the assignee of the contract as originally written less the aforesaid $39.15 so that when the final payment was made by respondent to the Pacific Finance Corporation the latter would have received all that it paid for the contract, while appellant Vaughn alone was required to pay to respondent the sum of $80.85, representing the $120 or 6 payments of $20 each, less the $39.15 deducted by appellant finance corporation when purchasing the contract from defendant Vaughn. In other words, under the judgment, the contract so far as the finance corporation was concerned remained as written, and as reformed covered a period of 25 months save and except for a reduction of $39.15 in the amount of the last payment. Appellant assignee's rights not being prejudicially affected by the judgment rendered herein, it cannot be heard to complain of the action of the court in reforming the contract to the end that it would express the real understanding and agreement of the original parties thereto.

▮ Appellants next assert that a legal obligation rested upon respondent to read the contract as written, and that he signed a statement that he did read the instrument and that all representations made were contained therein. But the law seems well settled that where the evidence was sufficient to satisfy the court that the contract did not express the intention of the parties, and that plaintiff had been mistaken in supposing that it did, then the fact of his having read the instrument would not prevent the court from finding that it was executed under a mistake (*Sullivan* v. *Moorhead*, 99 Cal.

157, 160 [33 P. 796]). Plaintiff in the instant case testified that he did not read the instrument but relied upon the representations of defendant Vaughn as to its contents. ▪ Whether or not relief should be denied because of such failure to read the contract depends upon the circumstances of each individual case. Such failure it is true must be explained, but the question is removed from the case when the testimony satisfactorily explains such failure. ▪ While the question is a perplexing one and there are contrary opinions thereon in this and other jurisdictions, we are persuaded that the better and more equitable rule is that where one's failure to familiarize himself with the terms of a written contract prior to its execution can be traced solely to carelessness and negligence, generally speaking, reformation should be denied. But, on the other hand, if such failure or even negligence is brought about through the false representations or fraud of the other party to the contract that the terms thereof are different from those actually contained in the instrument, the courts will reform the contract to the end that it may speak the true intentions and agreement of the parties (*California Trust Co.* v. *Cohn,* 214 Cal. 619, 626, 627 [7 P.2d 297]; *Romano* v. *Seibt,* 95 Cal.App. 586 [272 P. 1065]; *Strauss* v. *Bruce,* 139 Cal.App. 62 [33 P.2d 71]; *Johnson* v. *Sun Realty Co.,* 138 Cal.App. 296 [32 P.2d 393]; *Siem* v. *Cooper,* 79 Cal.App. 748 [250 P. 1106]). ▪ While the rule is that before a court is justified in ordering reformation of a contract on the ground of mistake, clear, convincing and satisfactory proof thereof must be offered, nevertheless, a conflict in the testimony, such as we have here, does not of necessity require that relief shall be denied. And the decision arrived at by the trial court upon such conflict of evidence cannot be disturbed by this court (*Sullivan* v. *Moorhead, supra*).

Appellants' contention that the court committed error by inserting terms in the contract as reformed which were never contemplated by the parties nor supported by the pleadings and evidence, is without merit. The court found that the real agreement between the parties was that the contract should provide for 18 payments of $20 each instead of 24 payments of the same amount, and that by reason of defendant Vaughn's false representations the contract as executed did not reflect the true intentions and agreement

of the parties. In the exercise of the broad equitable powers conferred upon the chancellor, the court, in order to avoid any prejudice to the assignee, permitted the 24 payments to be made to the latter and redressed the damage suffered by plaintiff by an award to him of a money judgment against the offending defendant Vaughn alone. Certain benefits which appellants claim respondent will receive in the way of additional insurance and credit for which no financing or carrying charge is made, is answered by the statement that respondent was obligated to pay financing charges for 24 months; he is also required to pay carrying charges for the additional six payments which the court found were fraudulently inserted in the contract, and which he would not have been required to pay had the contract been written as the court found it should have been, to provide for only 18 payments. ■■ And finally, a party may not be heard to complain because a judgment does not permit him to obtain an advantage as a result of his own wrong.

Next, appellants contend that conceding reformation may have been proper, the recovery of a money judgment was without legal sanction; that the measure of damage awarded plaintiff was incorrect as being the difference between the price of the automobile as specified in the written contract as reformed, and the price plaintiff agreed to pay for the automobile. This it is contended is not the true or correct measure of damages for fraud. However, the court's award of a money judgment against defendant Vaughn cannot be considered in the light of a money judgment for the issue was not one of fraudulent representations as to the value of the automobile in question but of fraudulent representations as to the contents of the written instrument which plaintiff signed. No representations of fraud are alleged in the pleadings nor raised by the evidence insofar as the value of the automobile is concerned.

■■ By their last ground of appeal wherein they charge that the evidence is insufficient to support the judgment, appellants in effect ask us to pass upon the credibility of witnesses who gave conflicting testimony. This we cannot do. While a reading of the cold transcript might impress us that the verity of appellant Vaughn's testimony seems more probable than does the testimony of respondent, nevertheless, reviewing judges are, obviously, in no position to determine the credit which should be accorded to witnesses or to weigh their

testimony. Therefore, in accordance with our constitutional provision (sec. 19, art. VI, Constitution of California) the Legislature has ordained that the triers of fact are the exclusive judges of the credibility of witnesses (Code Civ. Proc., sec. 1847), and are the judges of the effect and value of evidence addressed to them, except in those instances where it is declared by the law that it shall be conclusive proof of the fact to which it relates (Code Civ. Proc., sec. 2061). As a necessary corollary to the rules just enunciated, it follows that the court, in the instant case, was authorized, if it felt warranted in so doing, after full and fair consideration thereof, to reject any testimony which might have been contradictory to that given by the plaintiff, and therefore, to disbelieve the testimony of defendant Vaughn in connection with the facts immediately surrounding and leading up to the execution of the contract in question. Appellate tribunals are not authorized to review evidence, except where, on its face, it may justly be held that it is insufficient to support the ultimate issue involved, and in that case it is not a review of a question of fact, but purely one of law. Furthermore, in the case with which we are here concerned there were circumstances in connection with the advertising of the automobile for sale, and mathematical deductions which could reasonably be made from various amounts going to make up the total sale price of the automobile, which tended to corroborate plaintiff's version of what was the true intention and agreement of the parties.

The attempted appeal from the order denying defendants' motion for a new trial is dismissed. For the reasons herein stated the judgment from which this appeal was taken is affirmed.

York, P. J., and Doran, J., concurred.