[Civ. No. 7177. Third Dist. Dec. 7, 1945.]

E. L. WALTER, Respondent, v. ELMER LIBBY, Appellant.

Wm. N. Graybiel for Appellant.

C. Ray Robinson and Samuel V. Cornell for Respondent.

PEEK, J.—By his complaint plaintiff and respondent sought to recover from defendant and appellant certain commissions alleged to be due by reason of the sale of appellant's ranch property.

On November 2, 1944, the parties executed a written agreement relative to the sale of said ranch. The following day plaintiff advertised the property for sale, and from then until December 8, 1944, when he was importuned by appellant to cancel and return the contract to him, plaintiff had interviewed numerous prospective purchasers. On the afternoon of the last mentioned date appellant called upon respondent at the latter's office, stating that he wanted to take the property off the market; that he had decided it was not a good time to sell; that if he waited until the trees were in bloom and the vines were leafed out he could sell it for more money, and when that time arrived undoubtedly he would again list the the property with respondent. Thereupon respondent agreed to consider the contract at an end and surrendered to appellant the instruments evidencing it. On the following morning appellant deposited in escrow a conveyance of said property to one William Eck, receiving therefor the full amount of the purchase price. He refused to pay respondent any part of the commission as provided in the contract.

At the conclusion of the hearing the trial court found that on November 2, 1944, under the contract between the parties, respondent was given the exclusive right to sell certain designated property belonging to appellant for a minimum° term of thirty days but to be continuous thereafter until "I [appellant] shall have given written notice to E. L. Walter, stating when, (not less than ten days thereafter), to cancel this au-

thorization,'' and that the contract also provided: ''I further agree that should I sell or dispose of said property or any part thereof, while this agreement is in force, or sell at any time to a person or persons introduced or sent by said E. L. Walter, I agree to pay said E. L. Walter a commission of 5 per cent upon the purchase price received for said property.''

The court further found that the contract was in full force and effect at the time of the sale by appellant to Eck, and that respondent's consent to the surrender thereof and the termination of the agency was induced by the fraud of appellant, and gave judgment for respondent in the amount of $400, representing a commission of 5 per cent on the sale price of the property, together with the costs of suit.

The appellant admitted that he had destroyed the original copies of the contract, executed in duplicate, as he considered the agreement no longer operative, and the contents thereof were established by secondary evidence.

Although appellant attacks the validity of the complaint and the order overruling his demurrer, the principal issues he has raised relate to the sufficiency of the evidence to sustain the findings and the alleged error of the trial court in overruling his general demurrer.

We find no merit in the first contention wherein it is charged that, as the complaint neither alleged that the contract was in full force and effect at the time the property was sold nor that plaintiff was the procurer of the purchaser, it therefore is fatally defective. While the complaint does not allege in so many words the existence of the contract at that time, it does set out the terms of the agreement from which it appears that the relation of principal and agent had been created between the parties for an indefinite time. It is well established that the rule is ''When a principal and agent relationship has been shown to have been created to exist for an indefinite length of time there is a presumption in favor of the continuance of the relationship.'' (*Gudger* v. *Manton,* 21 Cal.2d 537, 552 [134 P.2d 217].) See, also, *Knox* v. *Modern Garage etc. Shop,* 68 Cal.App. 583, 587 [229 P. 880].

It is evident that appellant misconceives the nature and effect of the contract. Where, as here, the agent or broker is given an exclusive right to sell, as distinguished merely from a sole or exclusive agency (such as that which engaged the attention of the court in *Dreyfus* v. *Richardson,* 20 Cal.

App. 800 [130 P. 161], strongly relied upon by appellant), he is entitled to be compensated when a sale is made by the principal, and it is immaterial that he was not the procuring cause thereof. (*Fleming* v. *Dolfin,* 214 Cal. 269, 271 [4 P.2d 776, 78 A.L.R. 585]; *Gregory* v. *Bonney,* 135 Cal. 589 [67 P. 1038]; *Kimmell* v. *Skelly,* 130 Cal. 555 [62 P. 1067]; *Justy* v. *Erro,* 16 Cal.App. 519 [117 P. 575]; 9 C.J., p. 622, § 101, 12 C.J.S., pp. 219-221, § 94.) Also, as shown by the cited cases, it is immaterial whether the recovery be predicated on the theory of damages for wrongful prevention of performance or on the theory of enforcement of the provision for payment of a commission in any event. In either case the action is on the contract.

 On the question of the sufficiency of the evidence to sustain the findings, appellant first complains that the finding that the sale of the property was made on the morning of December 8, 1944, is not supported by the evidence and that it is in direct conflict with the uncontradicted testimony that no sale took place until appellant and the purchaser met at the bank on December 9th, when final terms were agreed upon and reduced to writing.

From such contention it is evident that again appellant has misconceived the nature and effect of the contract in relation to this question. An examination of the record shows testimony by the purchaser that after learning the property was for sale he went to the ranch on several occasions; that he talked to appellant's wife telling her his purpose; that on the morning of December 8th, he talked with appellant as he was leaving the ranch; that they discussed his possible purchase of the ranch; and that it was agreed between appellant and himself that they would meet at the bank the following morning for the purpose of opening an escrow.

 It was not necessary for plaintiff to show that a formal sale was actually consummated at the morning conference on December 8th. The word "sale" must be construed in the light of its use in the contract which was merely a printed form agreement between a vendor and a broker listing with the broker a particular property for a specified term and providing that should the broker or the owner secure a purchaser within said term the owner would pay to the broker the usual commission of 5 per cent. The contract did not state that the broker's commission would be paid only upon

actual consummation of the sale and transfer of title. It merely provided that the agent "shall have for his services in obtaining a purchaser" a commission of 5 per cent of the purchase price. Such a contract is but the usual contract between a broker and his client and must be construed as such. (*Purcell* v. *Firth*, 175 Cal. 746, 749 [167 P. 379]; *Frank Meline Co.* v. *Kleinberger*, 77 Cal.App. 193 [246 P. 136].)

Hence the evidence was amply sufficient to support the finding of the trial court that the "defendant herein agreed to sell" the ranch to Eck on the forenoon of December 8, 1944.

But even if the finding in question was not warranted, this would not affect respondent's right to a recovery, for there is another finding to the effect that the sale had been consummated prior to the termination of the agency agreement; and under the theory that the so-called cancellation or annulment was nugatory as having been induced by fraud, the contract must be held to have been in full force and effect without regard to the precise time at which the sale was concluded, and respondent would still be entitled to the amount of the commission. (See *Frank Meline Co.* v. *Kleinberger,* 77 Cal.App. 193, 199-200 [246 P. 136]; *Justy* v. *Erro,* 16 Cal.App. 519, 531 [117 P. 575].) "It is only when a judgment rests upon some particular finding for its validity and support that the lack of sufficient evidence to support such finding becomes material; complaint may not be made of an unsupported finding which, had it been made the other way, would not have affected the judgment." (24 Cal.Jur., pp. 993-994, § 217.)

Appellant's contention that the evidence was insufficient to establish the contents of the written contract, and particularly the provision imposing liability for a sale made by appellant himself, likewise is without merit. Respondent testified that he used printed forms, that they were the only ones he had in the office, and that they all contained the provision in question. Appellant did not deny that printed forms were used nor specifically assert that such a provision had been deleted therefrom, but contented himself with the bare statement that said provision was not a part of the contract. His testimony, being contradictory to that of respondent, merely presented a conflict in the testimony as to the contents of the instrument. Under such circumstances "it is for the trier of the fact to determine what witnesses are most entitled to credit." (16 Cal.Jur., p. 703, § 13.)

■ Appellant advances the further argument that respondent should not have been awarded a recovery, because he failed to perform the services contemplated by the contract. This, in another form, is the same contention previously made which, as we have pointed out, is based on a misconception of the character and extent of the rights created by the contract. Under the agreement, respondent was not required to do more than obtain a purchaser; and this, the evidence shows, he did with due diligence and in the full performance of his duties. As stated in *Kimmell* v. *Skelly*, 130 Cal. 555, 559-560 [62 P. 1067] : "The consideration for her [the seller's] promise to pay the money if the sale was made by her, was the performance of services by the brokers in seeking a purchaser."

■ Likewise without merit is the contention that the trial court improperly found the existence of fraud because fraud was not pleaded. It is elementary under our system of code pleading that where the answer sets up new matter by way of avoidance (in this case the alleged cancellation and annulment of the contract), such an allegation is deemed to be controverted, and on the issue so made the plaintiff is at liberty to adduce evidence of fraud to negative the asserted defense. (Bancroft's Code Pleading, vol. 1, p. 682, § 473.)

■ Nor is there any foundation for the assertion that the evidence was insufficient to justify the finding of fraud. Appellant's misrepresentation as to his present intention, and his suppression of the vital fact that he was about to dispose of the ranch through his own efforts, were obviously calculated to and did induce respondent to give his consent to the revocation of the agency and to surrender the instruments evidencing it. Appellant could not take advantage of respondent's consent thus procured. (*Washburn* v. *Speer*, 206 Cal. 414, 420 [274 P. 519] ; Civ. Code, §§ 1709-1710.)

■ While the duty to make full disclosure as between principal and agent is more often emphasized with respect to the conduct of the agent, the doctrine is by no means one-sided. The principal may revoke the agency in accordance with the terms of his agreement, but he may not do so in bad faith and merely for the purpose of depriving the agent of rights he otherwise would have. The rule is that "the revocation must be made in good faith and not for the purpose of defeating the agent's rights." (*Elms* v. *Merryman Fruit etc. Co.*, 207 Cal. 747, 751 [279 P. 781].) See, also, *Blumenthal* v. *Goodall,*

89 Cal. 251, 255 [26 P. 906]; 3 C.J.S. p. 64, § 174; Mechem upon the Law of Agency, § 209.

Likewise there is no force to appellant's argument that his motion for nonsuit should have been granted on the ground that the proof was insufficient to establish the contents of the lost or destroyed instruments, which alone could disclose the terms of the contract on which this suit is based. In *Pryor* v. *McGuire*, 59 Cal.App. 234, 237 [210 P. 532], as in the present case, it was contended that the trial court should have followed the seller's version as to the terms of the contract. However, there, as in the case at bar, the seller obtained the contract from the agent through fraudulent representations and the court held that as the contract was last known to have been in possession of the seller, if the contract contained the clause he claimed it did, "there was no reason for the diligence exercised by the defendant in taking the contract out of the hands of the plaintiff."

In the case at bar, if the contract did not contain the clause which respondent claims it did, there was no reason for the diligence exercised by appellant in taking the contract out of the hands of respondent.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.