[Civ. No. 15094. Second Dist., Div. Three. Oct. 14, 1946.]

HUGH B. MARTIN et al., Respondents, v. FREDERICK RAY et al., Appellants.

Julius V. Patrosso for Appellants.

Chas. L. Nichols for Respondents.

KINCAID, J. pro tem.—Defendants appeal from a judgment for plaintiffs wherein nominal damages of $10 are awarded and the court, by way of mandatory injunction, directs the defendants to forthwith remove from the easements described in the findings a certain transplanted oak tree, an open ditch and dam constructed by defendants thereon, and to restore the surface of such easements to *status quo ante*.

By leave of court first had, plaintiffs filed a supplemental complaint of July 26, 1943, which added a claim for damages to the requested injunction. Paragraph I of such supplemental complaint is made up almost entirely of a lengthy metes and bounds description which purports to describe the

easements in question. The answer of defendants was filed, with denials of all material allegations except as to such paragraph I. As to it a separate written stipulation was executed by the parties, through their attorneys, and filed, to the effect that the failure of defendants to answer such paragraph shall not be deemed to be an admission of its allegations but that the same shall be deemed denied, each of the parties reserving the right to establish the facts which are the subject of such paragraph at the time of trial.

Two other cases (Superior Court Nos. 467137 and 487649) involving different issues were tried consecutively with this case (No. 467136) and it was stipulated that all evidence received in the three cases should be embraced and considered in each case.

The trial of the within case began on July 31, 1944, and before any evidence was received defendants' counsel asked leave of court to file an amended answer to plaintiffs' supplemental complaint and a cross-complaint, both such documents having been served upon plaintiffs' counsel six days previously. The court was then advised that the only change made by the proposed amended answer was to add a traverse to paragraph I of the supplemental complaint denying that the oak tree was located upon any easement and setting up what defendants contend are the proper legal descriptions of the easements in question which would show that the property upon which the oak tree was located was owned by defendants free of any easement rights. The proposed cross-complaint set forth a cause of action against plaintiffs, as cross-defendants, for revision and reformation of a quitclaim deed. Defendants' counsel further advised the court and offered to prove that the filing of such amended answer and cross-complaint was made necessary by the discovery, since the commencement of the other trials hereinabove mentioned, of a clerical error in the legal descriptions contained in a quitclaim deed from plaintiffs to defendant Mary Louise Ray, by reason of which a small triangular section of land upon which the oak tree in question is now located was mistakenly omitted by an escrow typist and which was intended by such parties to have been included therein; that such quitclaim deed was to have covered the whole of an easement which had theretofore been reserved by plaintiffs over a parcel of land referred to in the case as parcel C and which easement ran in a generally southwesterly direction from a point where it connected

with other easements which are still reserved by plaintiffs; that plaintiffs agreed to quitclaim in full the easement so located on parcel C because of the subsequent acquisition of this parcel in fee by defendant Mary Louise Ray.

The trial judge inquired as to whether plaintiffs' counsel would stipulate that such proposed pleadings might be filed by defendants and, upon encountering a refusal by plaintiffs to do so, indicated that he would refuse leave to file them in the absence of a stipulation by plaintiffs agreeing thereto. Defendants' attorney then pointed out that they had only recently ·discovered the mistake, they were acting in good faith in making the request at the earliest possible moment, and plaintiffs had had ample notice by the prior service upon them of the proposed pleadings; that unless leave was granted to file them or try the new issues thus raised the resulting judgment would forever bar a reformation of the quitclaim deed, in that a mandatory injunction to remove the tree would have the legal effect of a finding that the triangle parcel upon which it is located is included within an easement reserved by plaintiffs. The trial judge then stated, in effect, that he did not wish to act differently in this case than he had in other cases like it when he depended upon stipulations; that a cross-complaint was like a new suit and that defendants could bring a separate suit at any time to seek the relief sought by their proposed cross-complaint. Plaintiffs' counsel then offered the limited stipulation that paragraph I of defendants' original answer to the supplemental complaint be deemed amended to set forth what defendants have alleged in their proposed amended answer to be the correct and inclusive legal description of the present easements, which offer was accepted by defendants.

Plaintiff Hugh B. Martin then testified on direct examination to the effect that his property had been laid out so that its maximum use was for horseback riding; that when the tract was originally subdivided the only access to that portion known as parcel B was through an easement which was reserved over parcels A and C; that plaintiffs had originally acquired title to these and adjacent properties from the subdivider, Garden Land Company, Ltd., and subsequently sold the three parcels in question to defendant Mary Louise Ray. Since the latter had acquired title to this land the easement over parcel C no longer served any purpose, so the subdivider requested him˙ to quitclaim it to her, which he

did, reserving, however, particularly for horseback riding purposes, a narrow easement paralleling the east property line of C, which includes the triangular area whereon the oak tree is situate. Such plaintiff further testified that defendants had constructed a rock or masonry ditch within the confines of the easements which is about two feet wide and 12 to 18 inches deep, with a dam consisting of two rocks, resulting in a diversion of water upon plaintiffs' roadway; that the oak tree grows upon and completely blocks the portion of the reserved easement where it is located and, together with the ditch, makes it dangerous for anyone to ride horseback over such easements.

On cross-examination of this plaintiff, defendants' counsel, by his questions, endeavored to elicit answers showing that it was the intention of the parties to include in the quitclaim deed all of the easement running between parcels A and C, including that portion whereon the tree is located, and that such plaintiff had until recently believed all of it to have been so included. Notwithstanding the fact that this witness had related in detail in his direct testimony his claim that the disputed area was still reserved to him as a part of the easement, the court, on objection of his counsel that this line of questioning was wholly incompetent under the issues framed by the pleadings, refused to permit him to answer. Defendants' attorney thereupon, pursuant to his previously made offer to prove that the failure to include the disputed triangular area within the legal description contained in the quitclaim deed was caused by the mistake of a typist employed by the bank which handled the escrow through which the sale by plaintiffs of parcels B and C to defendant Mary Louise Ray was effected, further offered the testimony of the supervisory escrow officer of such bank to show that the escrow instructions submitted by defendant Frederick Ray with reference to the quitclaim deed not only directed the inclusion therein of all the property now in such instrument described but also a further portion which was omitted and which covered the area where the tree is now located. Defendants further offered to substantiate the fact that it was plaintiffs' intention originally to include this portion in the quitclaim by the testimony of a surveyor who had previously been employed by plaintiffs to make a survey for the purpose of ascertaining the legal descriptions to be so included. To these offers plaintiffs' counsel entered an objection on the

ground that the quitclaim deed was in writing and that such proffered parol evidence would tend to alter the legal description contained therein. The objection was sustained by the court.

It is thus readily apparent that, although plaintiffs made no attempt to refute or deny the facts offered to be proved by defendants, the effect of the court's rulings was to prevent them from establishing facts which, if believed by the court, would have constituted a complete defense to the action insofar as the claimed obstruction and encroachment by the oak tree is concerned. The judgment herein justifies defendants' expressed apprehension that, unless permission were granted them to file their proposed amended pleadings and introduce evidence as to the mistake which had been made in failing to include all of the intended description in the quitclaim deed, the resulting judgment of the court might have the effect of foreclosing them from further relief in that regard. That this result may have eventuated is shown by the fact that, although no mention of the quitclaim deed was made in the pleadings on file, the trial court proceeded to make a finding that plaintiffs did execute such a deed containing the description now found therein and that, by reason thereof, easements were reserved to plaintiffs including that portion upon which the tree is situate.

Such an adjudication went to the very heart of the issues to which defendants' proffered evidence might have proven a complete defense. They are wrongfully damaged by such a finding without having had their day in court or opportunity to be heard with reference to its subject matter. Even under the present state of the pleadings, aided by the stipulations of the attorneys, both written and oral, such proffered evidence should have been admitted. The written stipulation provided that the legal description of the claimed easements as contained in the supplemental complaint was deemed denied by defendants, with the right reserved to the parties to establish at the trial the facts as to what property should properly be included in such easements. The oral stipulation was to the effect that defendants' answer be deemed amended to set forth what the latter claim to be the correct legal description and which included the triangular parcel upon which the tree is located. The evidence offered by defendants went directly to establish the fact that the tree was located upon property owned by defendants free of any easement or other

claim by plaintiffs and therefore could not be the subject of any injunction or result in any damage to them. By the complaint in this action plaintiffs have sought relief at the hands of a court of equity. "It is a familiar rule that equity once having jurisdiction of the subject matter of an action will retain it to the end that a complete adjudication of all conflicting rights may be had and a final determination of all matters in controversy may be accomplished. Litigation by piecemeal is not looked upon favorably by equity, and therefore, whenever possible equity will dispose of the entire controversy between the parties, will grant complete relief, and whenever possible will settle and determine all differences between the parties in the one action, thereby, as between the same parties and upon the same subject matter, leaving nothing for further litigation." (*Vallera* v. *Vallera* (1944), 64 Cal.App.2d 266, 271 [148 P.2d 694]. See, also, *Sonnicksen*, v. *Sonnicksen* (1941), 45 Cal.App.2d 46, 52 [113 P.2d 495] ; *Tomas* v. *Vaughn* (1944), 63 Cal.App.2d 188, 192 [146 P.2d 499] ; *Brunswig Drug Co.* v. *Springer* (1942), 55 Cal. App.2d 444, 450 [130 P.2d 758] ; *Santa Monica Ice etc. Co.* v. *Rossier* (1941), 42 Cal.App.2d 467, 471 [109 P.2d 382] ; *Swan* v. *Talbot* (1907), 152 Cal. 142, 147 [94 P. 238, 17 L.R.A. N.S. 1066].) The course directed by the rulings of the trial judge in refusing to admit such relevant and pertinent evidence and permission to file the amended and supplemental pleadings has the effect of compelling future piecemeal litigation. This result would have been avoided by contrary rulings, thus determining all differences between the parties in the one action. Before a new trial of the case is had, leave should be granted the defendants to file suitable amended supplemental pleadings in order that this entire controversy between the parties may be adjudicated. (See 21 Cal.Jur. 181 to 184, par. 126, 127.)

The judgment is reversed and the cause remanded for a new trial.

Desmond, P. J., and Wood, J., concurred.